UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THERESA SPIEGEL,

                Plaintiff,

-against-

ESTÉE LAUDER INC., ESTÉE LAUDER COMPANIES, INC., ELC BEAUTY LLC, ESTÉE LAUDER INTERNATIONAL INC., LUSINE JACOBS, NOE ARTEAGA, ANGELINA MILLER and JENNE EUGENE,

                Defendant(s).

Civil Action No.: _____

**NOTICE OF REMOVAL**

---

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

Pursuant to 28 U.S.C. § 1446, Defendants Estée Lauder Inc., Estée Lauder Companies, Inc., ELC Beauty LLC, Estée Lauder International Inc., Lusine Jacobs, Noe Arteaga, Angelina Miller and Jenne Eugene (collectively "Defendants"), by and through their undersigned counsel, hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1331, 1343 and 1441, and state the following grounds in support of removal:

**INTRODUCTION**

1. Plaintiff Theresa Spiegel ("Plaintiff") commenced this action on or about November 28, 2023, by filing a Summons and Verified Complaint with accompanying Exhibits 1 through 18 before the Supreme Court of the State of New York, County of New York, Index No.: 161578/2023 (the "State Action"). A copy of the Summons and Verified Complaint with the accompanying exhibits filed in the State Action ("Complaint" or "Comp.") is attached hereto as Exhibit "A."

2. In the Complaint, Plaintiff purports to seek relief for alleged violations of the New York State Human Rights Law; New York City Human Rights Law; 42 U.S.C. § 1981;

29 U.S.C. § 206; New York Labor Law § 650; as well as tort causes of action for intentional infliction of emotional distress; negligent infliction of emotional distress; and negligent hiring/retention and supervision. (Comp. ¶¶ 144-189). Defendants deny each and every one of Plaintiff's allegations or that she is entitled to any of the relief sought.

3. On information and belief, on December 7, 2023, Plaintiff attempted to serve Defendants Estée Lauder Inc., ELC Beauty LLC, and Estée Lauder International Inc. through the Secretary of State of New York. Copies of the Affidavits of Service filed by Plaintiff on December 12, 2023, certifying service on Estée Lauder Inc., ELC Beauty LLC, and Estée Lauder International Inc. are annexed hereto as Exhibit "B."

4. On information and belief, on December 15, 2023, Plaintiff attempted to serve Defendant Lusine Jacobs with a copy of the Complaint. A copy of the Affidavit of Service filed by Plaintiff on December 19, 2023, certifying service on Lusine Jacobs is annexed hereto as Exhibit "C."

5. On information and belief, on December 14, 2023, Plaintiff attempted to serve Defendant Jenne Eugene with a copy of the Complaint. A copy of the Affidavit of Service filed by Plaintiff on December 21, 2023, certifying service on Jenne Eugene is annexed hereto as Exhibit "D."

6. On December 26, 2023, counsel for Plaintiff and Defendants executed a stipulation whereby counsel for Defendants agreed to accept service of the Complaint on behalf of all Defendants and to waive any defects with respect to service of process in exchange for an extension of time for Defendants to answer, move, or otherwise respond to the Complaint through and including February 9, 2024. A copy of the filed Stipulation Extending Time for Defendants to Answer, Move or Otherwise Respond is annexed hereto as Exhibit "E."

**GROUNDS FOR REMOVAL**

7. This action may be removed pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1331. Specifically, this Court has federal question jurisdiction because Plaintiff asserts claims under 42 U.S.C. § 1981 and 29 U.S.C. § 206.

8. This Court has supplemental jurisdiction over Plaintiff's New York State Human Rights Law, New York City Human Rights Law, New York Labor Law, and tort claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring/retention and supervision because they arise out of the same operative facts as those essential to Plaintiff's federal claims under 42 U.S.C. § 1981 and 29 U.S.C. § 206.

**REMOVAL IS TIMELY AND PROCEDURALLY PROPER**

9. Removal is timely because less than thirty (30) days have passed since Plaintiff filed her Complaint on November 28, 2023, and Defendants first became aware of Plaintiff's intent to seek relief under 42 U.S.C. § 1981 and 29 U.S.C. § 206, through service or otherwise, in accordance with 28 U.S.C. § 1446(b).

10. Removal is procedurally proper in accordance with 28 U.S.C. § 1446(a). A copy of all process, pleadings, and orders filed in the State Action as of the date of this Notice of Removal, are annexed hereto as Exhibits "A" through "E."

11. By copy of this document and as set forth in the attached Affirmation of Service, Defendants are providing notice to all parties in this action of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

12. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and shall file a copy of this Notice

of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, where the Station Action is currently is pending.

13. Based upon the allegations in Plaintiff's Complaint, the proper venue for removal of this action under 28 U.S.C. § 112(b) is the United States District Court for the Southern District of New York, because this District encompasses the Supreme Court of the State of New York, County of New York, the forum in which the State Action was filed and is currently pending.

14. Defendants submit this Notice of Removal without waiving any defenses to claims asserted by Plaintiff or conceding that Plaintiff has pled any claims upon which relief may be granted, except as explicitly provided in the Stipulation Extending Time for Defendants to Answer, Move or Otherwise Respond. (Exhibit "E").

**WHEREFORE,** Defendants respectfully request removal of the State Action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
December 27, 2023

Respectfully Submitted,

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

By:   */s/ Tania J. Mistretta*
Tania J. Mistretta
Cooper Binsky