UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

THERESA SPIEGEL.,

                                  Plaintiff,

v.                                                                      Civil Action #.1:23-cv-11209 (DLC)

ESTEE LAUDER, INC.,
et al.,

                                  Defendants.
-----------------------------------------------------------------X

## MOTION TO REMAND

Plaintiff, Theresa Spiegel, respectfully moves this Court for an order remanding this action to New York County Supreme Court, from which it was improperly removed.

Pending before the Court is the Notice of Removal filed on December 27th 2023 by Defendants ESTÉE LAUDER INC., et al, in this matter Doc.# 1 with accompanying exhibits. Because the Court lacks subject matter jurisdiction over this case, Plaintiffs request the court to remand it back to state court pursuant to 28 U.S.C. §1447(c).

Remand is appropriate for the reasons discussed in more detail below.

The Plaintiff incorporate by reference her Memorandum of Law as attached as well as Defendant's exhibits attached to their Notice of Removal, agrees with the timeline history as detailed in Defendant's Introduction section of their Notice to Remove and state the following:

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND

For her Memorandum in Support of her Motion for Remand, Plaintiffs state:

### INTRODUCTION

1

At its heart, this lawsuit is an employment discrimination and civil rights action against Defendants, ESTÉE LAUDER Inc., ESTÉE LAUDER COMPANIES, INC., ELC BEAUTY LLC, ESTÉE LAUDER INTERNATIONAL INC., (hereinafter collectively ELC), LUSINE JACOBS, NOE ARTEAGA, ANGELINA MILLER and JENNE EUGENE arising under New York City Human Rights Law §8-101 and New York State Human Rights Law §290(a) et seq., and 42 U.S.C. §1981; Federal Fair Labor Standards Act (FLSC) of 1938; 29 U.S. CODE § 206 – 2016)(FLSA),

THE NEW YORK LABOR LAW (ARTICLE 19, NYLL § 650 ET AL.)(NYLL) Plaintiffs' claims consist primarily and substantially of New York State law tort claims including hostile work environment discrimination based on race, age and gender preference, New York Labor Law, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress, and Negligence.  The essence of this case is the pursuit of labor discrimination on the basis of race, age and sexual orientation, intentional infliction of emotional distress claims asserting various torts and violation of labor laws regarding underpayment of wages. Notwithstanding the nature of this case, Defendants improperly removed this case to this Court on December 27, 2023, claiming there is federal court subject matter jurisdiction based on federal question. Because of the predominant nature of the state tort claims asserted, this case should be remanded to state court.

Alternatively, this Court should exercise its discretion to remand this case pursuant to 28 U.S.C. §1357(c)(2) and pursuant to the case of Caggiano v. Pfizer Inc., 384 F. Supp. 2d 689.

Defendants are not seeking federal court jurisdiction based on diversity of the parties. Indeed, at least four (4) of the Defendants are citizens of New York, making removal improper under 28 U.S.C. §1441(b).  Defendants would concede that there is no federal court subject

matter jurisdiction based on full diversity of the parties. Instead, the basis for Defendants' removal motion is 28 U.S.C. §1331, the federal question statute.

Defendants' removal of this case to this Court is not permitted. Defendants argue that because a limited number of claims contained in the Plaintiffs' state court filed Complaint allege discrimination claims brought under §1981, then the entire action is deemed to be a case arising under federal law, notwithstanding that four (4) of the seven (7) counts are New York state law claims asserting various torts.

However, because there is no federal question that is "substantial" in this case, there is no federal court jurisdiction. This case should be remanded to state court where it belongs for the Plaintiff to pursue her labor, discrimination, and infliction of emotional distress claims in the City of New York where the tortious conduct spanning from approximately early September 2021 to November 14, 2022 when she was wrongfully terminated in New York, NY.

Plaintiffs respectfully move this honorable Court to remand this case back to the New York County Supreme Court for further handling of this case and for trial.

## LEGAL ARGUMENT FOR REMAND

### A. Federal Courts Generally Hold A Presumption Against Removal

Because federal courts are courts of limited jurisdiction and because of federalism concerns, there is a presumption against removal jurisdiction. (See *Kokkonen v. Guardian Life Ins. Co. of Am.* (1994) 511 U.S. 375, 377 [holding that presumption against jurisdiction exists because federal courts are courts of limited jurisdiction]; *Shamrock Oil & Gas Corp. v. Sheets* (1941) 313 U.S. 100, 108-09 [indicating that federalism concerns and Congressional intent mandate strict construction of removal statutes].)

This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." (*Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566.)

B. **No Substantial Federal Question**

In this case, Defendants premise their notice of removal by arguing this Court has subject matter jurisdiction based on "federal question" under 28 U.S.C. Section 1331. Whether a civil action, like this one, "The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule. Marcus v. AT&T Corp., 138 F.3d 46, 52. This rule stipulates that federal jurisdiction exists only when the Plaintiff's complaint presents a federal question on its face. Id. "Under the well-pleaded complaint rule, the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." Id.

As noted by the United States Supreme Court in Merrel Dow Pharmaceuticals v.Thompson, 478 U.S. 804 (1986), the "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Instead, Courts are to conduct an analysis as to whether the "substantial" claim is based on the common law of a state (as the case is here) versus whether federal law questions dominate. Here, the nucleus of the Plaintiff's state filed Complaint asserts claims that arise out of a series of discriminatory workplace acts that took place at a retailer in which Plaintiff claims she was repeatedly met with a hostile work environment, workplace discrimination, and negligence. Plaintiff correctly cited violations of NYS and NYC labor laws (See Counts I, III, IV and V) even within Count VI, Plaintiff cites to THE NEW YORK LABOR LAW (ARTICLE 19, NYLL § 650 ET AL.)(NYLL).

Moreover, allowing removal to Federal Court would be highly prejudicial to Plaintiff. New York Consolidated Laws, Labor Law § 198, regarding liquidated damages remedies states in part:

> In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due, except such liquidated damages may be up to **three hundred percent** (emphasis added) of the total amount of the wages found to be due for a willful violation of section one hundred ninety-four of this article.

However, 29 U.S.C §216 penalties regarding liquidated damages are limited as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and **in an additional equal amount as liquidated damages** (emphasis added).

Therefore, if the Court were to allow for the removal of this matter to Federal Court it would be limiting Plaintiff's potential liquidated damages if Plaintiff were to prove that Defendants' violations of the labor laws were intentional from 300% to 100% in liquidated damages.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully prays this Court grant her motion to remand this case to state court. There is no substantial federal subject matter jurisdiction in this case. There is no basis for diversity jurisdiction, and indeed, Defendants do not claim diversity jurisdiction. Defendants' sole argument for federal subject matter jurisdiction is based on the argument that a few of the Plaintiffs' legal claims are brought pursuant to §1983 and that

therefore based on the "tail should wag the dog" argument, and the entire case should be in this Court. Defendants' argument, however, is flawed. The Plaintiff's claims are substantially based on state law tort claims. This Court is urged to exercise its discretion to remand not just the state tort claims, but also all federal claims, such that the entirety of Plaintiff's lawsuit is remanded to state court for trial and final disposition.

Because there is no substantial federal question in this case, there is no subject matter jurisdiction in this Court. Without subject matter jurisdiction, the appropriate remedy is to remand this case back to state court.

**WHEREFORE**, for the reasons stated above, Plaintiff respectfully request that this matter be remanded back to the Supreme Court of the State of New York, County of New York as well as assessing legal fees upon Defendants for the improper removal attempt.

Dated: New York,
January 22, 2024

Respectfully submitted

_____/s/_____
Hugo Ortega, Esq.
Tanner & Ortega, LLP
Attorneys for Plaintiff
299 Broadway, Suite 1700
New York, N.Y. 10007
212-962-1333

To Counsel of Record VIA ECF