UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERESA SPIEGEL,<br><br>                       Plaintiff,<br><br>     -against-<br><br>ESTÉE LAUDER INC., ESTÉE LAUDER COMPANIES, INC., ELC BEAUTY LLC, ESTÉE LAUDER INTERNATIONAL INC., LUSINE JACOBS, NOÉ ARTEAGA, ANGELINA MILLER and JENNE EUGENE,<br><br>                Defendant(s). | Civil Action No.: 23-CV-11209<br>(DLC) (OTW) |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York, 10017
(212) 545-4000

Attorneys of record:
Tania J. Mistretta
Cooper Binsky

*Attorneys for Defendants*
 *Estée Lauder Inc., Estée Lauder*
 *Companies, Inc., ELC Beauty LLC,*
 *Estée Lauder International Inc.,*
 *Lusine Jacobs, Noé Arteaga,*
 *Angelina Miller and Jenne Eugene*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ i

PRELIMINARY STATEMENT ........................................................................................ 1

RELEVANT FACTS AND PROCEDURAL HISTORY .................................................... 1

ARGUMENT .................................................................................................................... 2

POINT I ............................................................................................................................ 2

REMOVAL WAS PROPER ............................................................................................... 2

      A.     This Court Has Federal Question Jurisdiction Over Plaintiff's Claims. ...................................................................................... 4

      B.     Defendants Timely Removed This Action ........................................... 5

POINT II .......................................................................................................................... 6

PLAINTIFF'S REMAINING OBJECTION TO REMOVAL LACKS MERIT ........................... 6

CONCLUSION ................................................................................................................. 6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

American Well Works Co., v. Layne & Bowler Co.,
   241 U.S. 257 (1916) ...........................................................................................4

Caggiano v. Pfizer, Inc.,
   384 F. Supp. 2d. 689 (S.D.N.Y. 2005).........................................................3

Gaus v. Miles, Inc.,
   980 F.2d 564 (9th Cir. 1992) .........................................................................3

Kane v. St. Raymond's Roman Catholic Church,
   No. 14-CV-7028 (AJN), 2015 U.S. Dist. LEXIS 91398
   (S.D.N.Y. July 13, 2015) ...............................................................................5

Kokkonen v. Guardian Life Ins.Co. of Am.,
   511 U.S. 375 (1994)........................................................................................3

Marcus v. AT&T Corp.,
   138 F. 3d 46 (2d Cir. 1998)............................................................................3

Merrell Dow Pharmaceuticals, Inc. v. Thompson,
   478 U.S. 804 (U.S. 1986)...............................................................................3

Mims v. Arrow Fin. Servs., LLC,
   565 U.S. 368 (2012)........................................................................................4

Murphy Bros. v. Michetti Pipe Stringing,
   526 U.S. 344 (1999)........................................................................................5

Shamrock Oil & Gas Corp. v. Sheets,
   313 U.S. 100 (1941)........................................................................................3

Sullivan v. Gelb,
   No. 23-CV-5194 (GHW), 2023 U.S. Dist. LEXIS 210766
   (S.D.N.Y. Nov. 27, 2023) .......................................................................3, 5, 6

W. 14th St. Commercial Corp. v. 5 W. 14th Owners Corp.,
   815 F.2d 188 (2d Cir. 1987).......................................................................4, 5

**Statutes**

N.Y. Civ. Practice R. 215(3) ..................................................................................2

28 U.S.C. § 1331 .....................................................................................................5

28 U.S.C. § 1441 .................................................................................................2, 3, 5, 6

28 U.S.C. § 1446 .....................................................................................................2, 5

29 U.S.C. § 206 .......................................................................................................1, 4

42 U.S.C. § 1981 .....................................................................................................1, 4

42 U.S.C. § 1983 ........................................................................................................4

**Other Authorities**

15A Moore's Federal Practice § 103.31(1)-(2) ...............................................................3

## PRELIMINARY STATEMENT

Defendants Estée Lauder Inc., Estée Lauder Companies, Inc., ELC Beauty LLC, Estée Lauder International Inc., Lusine Jacobs, Noé Arteaga, Angelina Miller and Jenne Eugene (collectively "Defendants") submit this Memorandum of Law in Opposition to the motion to remand filed by Plaintiff Theresa Spiegel ("Plaintiff"). Plaintiff's motion to remand should be denied because this Court has original jurisdiction over Plaintiff's Complaint and Defendants timely removed this action within 30 days of their receipt of Plaintiff's Complaint.

On November 28, 2023, Plaintiff instituted an action before the Supreme Court of the State of New York, County of New York, Index No.: 161578/2023 (the "State Action").[1]  On December 27, 2023, Defendants timely removed the State Action to this Court within 30 days of Plaintiff's filing, and well within 30 days of their receipt of Plaintiff's Complaint.  It is undisputed on this motion that: (1) Plaintiff's Complaint asserts three federal statutory causes of action, including two claims under 42 U.S.C. § 1981 ("Section 1981") and a cause of action under 29 U.S.C. § 206, the Fair Labor Standards Act ("FLSA").  Accordingly, this matter was properly removed to this Court and Plaintiff's motion to remand should be denied.

## RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff commenced the State Action on November 28, 2023.  (Comp. generally). The Complaint purports to assert seven causes of action including a Section 1981 claim of race discrimination, a Section 1981 claim of retaliation, and alleged violation of the FLSA. (Comp. ¶¶ 158-163, 184-190).  Plaintiff also asserts claims of race, age and gender orientation discrimination under the New York State Human Rights Law and New York City Human Rights Law, a time-

---

[1] The Summons and Complaint with the accompanying exhibits is attached as Exhibit "A" to the Declaration of Tania J. Mistretta, Esq., dated February 5, 2024, and is hereinafter referred to as the "Complaint" or "Comp."

barred claim of intentional infliction of emotional distress,[2] negligent infliction of emotional distress, and negligent hiring / retention and supervision, and a claim under the New York Labor Law ("NYLL"). (Comp. ¶¶ 144-157, 164-185). The entirety of Plaintiff's claims, including those sounding in tort, arise from her employment and pertain to the same conduct which she alleges constitutes unlawful treatment in violation of both federal and state law. (Comp. generally).

On December 7, 2023, Plaintiff attempted to serve defendants Estée Lauder Inc., ELC Beauty LLC, and Estée Lauder International Inc. through the Secretary of State of New York and filed affidavits of service with the Court. (Doc. No. 1 ¶ 3; Doc. No. 1-2). Plaintiff further attempted to serve Defendant Lusine Jacobs and Defendant Jenne Eugene. (Doc. No. 1, ¶¶ 4-5; Doc. No. 1-3 through 1-4). On December 26, 2023, the parties entered into a Stipulation Extending the Time for Defendants to answer, move or otherwise respond to the Complaint through and including February 9, 2024, and Defendants agreed to accept service and waive any defects with respect to service. (Doc. No. 1 ¶ 6; Doc. No. 1-5). On December 27, 2023, Defendants removed the State Action based upon this Court's federal question jurisdiction. (Doc. No. 1). Plaintiff filed the instant motion to remand prior to Defendants' deadline to respond.

## ARGUMENT

### POINT I

### REMOVAL WAS PROPER

A defendant may remove any civil action brought in state court to federal court within 30 days of its receipt of the complaint if the action asserts claims over which the federal court would have had original jurisdiction. See 28 U.S.C. § 1441(a); 28 U.S.C. 1446(b). While

---

[2] Plaintiff's employment ended November 14, 2022. (Comp. ¶ 143). Plaintiff commenced the State Action November 18, 2023, more than one year beyond the applicable statute of limitations for claims of intentional infliction of emotional distress. (Comp. generally); N.Y. Civ. Practice R. 215(3).

federal jurisdiction is narrowly construed, most cases are either clearly within or without federal question jurisdiction. <u>See</u> 15A Moore's Federal Practice § 103.31(1)-(2) (2023) (discussing the two-tests applicable to determining whether federal question jurisdiction exists, and noting the creation test is satisfied if a claim arises under a federal statute or federal common law).

Under 28 U.S.C. § 1441(a), the propriety of removal should be determined according to the pleading at the time of removal, in accordance with the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the complaint. <u>See</u> <u>Sullivan v. Gelb</u>, No. 23-CV-5194 (GHW), 2023 U.S. Dist. LEXIS 210766, at *16 (S.D.N.Y. Nov. 27, 2023). Under this rule, the plaintiff acts as the master of the complaint and may avoid federal jurisdiction by simply choosing to rely exclusively on state law claims. <u>See</u> <u>id</u>. Here, as master of her Complaint, Plaintiff sought to implore a "kitchen sink" approach to pleading her causes of action, and voluntarily elected to include three federal statutes which create three federal causes of action which plainly confer federal question jurisdiction to this Court.

Plaintiff does not, and cannot, argue that Defendants' removal was untimely or otherwise improper or that there is no basis for establishing federal question jurisdiction. Instead, Plaintiff concocts a novel theory and argues that because Plaintiff asserts four state claims as compared to three federal causes of action, that there is not "substantial" subject matter jurisdiction. This argument misapplies the law and misunderstands the applicable standard.[3]

---

[3] Indeed, none of the cases cited by Plaintiff deal with the issue of federal question jurisdiction premised on complaints which plead federal causes of action as Plaintiff does here. <u>See</u> <u>Caggiano v. Pfizer, Inc.</u>, 384 F. Supp. 2d. 689, 690 (S.D.N.Y. 2005) (evaluating complaint which plead only state law claims); <u>Kokkonen v. Guardian Life Ins.Co. of Am.</u>, 511 U.S. 375, 398 (1994) (discussing the lack of any federal statute implicated in a state law breach of contract dispute); <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 104-106 (1941) (evaluating the procedural issues associated with a plaintiff's power to remove); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 565-566 (9th Cir. 1992) (evaluating state law claims and dismissing for lack of diversity when the amount in controversy was insufficient); <u>Marcus v. AT&T Corp.</u>, 138 F. 3d 46, 51 (2d Cir. 1998) (evaluating removal when the complaint asserted only state law claims); <u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804, 805 (U.S. 1986) (evaluating whether the incorporation

Because this Court has federal question jurisdiction over Plaintiff's claims and Defendants removed this action within 30 days of their receipt of the Complaint, removal was proper and Plaintiff's motion to remand should be denied.

**A.    This Court Has Federal Question Jurisdiction Over Plaintiff's Claims.**

Courts generally recognize two tests under which an action may present federal question jurisdiction. See W. 14th St. Commercial Corp. v. 5 W. 14th Owners Corp., 815 F.2d 188, 192 (2d Cir. 1987). The first test asks simply whether the cause of action was created by federal law, because if it was – federal question jurisdiction exists. See id. (citing American Well Works Co., v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) and noting that "Justice Holmes devised this still relied upon rule writing that '[a] suit arises under the law that creates the cause of action.'")). There are a long line of cases recognizing this well-settled principle, noting "there is no serious debate that a federally created claim for relief is generally a 'sufficient condition for federal question jurisdiction.'" Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 377 (2012) (internal citations omitted). When federal law creates a private right of action and furnishes the substantive decisional law, the district courts possess federal-question jurisdiction. See id. at 378-379.

Here, Plaintiff's Complaint asserts claims of race discrimination under Section 1981, retaliation under Section 1981, and alleged violation of the FLSA. (Comp. ¶¶ 158-163, 184-190). These three claims arise under federal law and confer federal jurisdiction to this Court. See 29 U.S.C. § 206; 42 U.S.C. §§ 1981-1983. Because Plaintiff's Complaint on its face pleads three federal causes of action, the analysis ends there. (Comp. ¶¶ 158-163, 184-190).

If there are no federal causes of action from the face of a complaint and the claims

---

of a federal standard in a state-law negligence action confers federal jurisdiction when no federal cause of action exists in the complaint).

arise exclusively under state law, courts will then look to the second test, which asks whether the cause of action poses a substantial federal question. See W. 14th St. Commercial Corp., 815 F.2d at 192. Here, it appears that Plaintiff seeks to argue the applicability of this second test, despite acknowledging in her own motion papers that the Complaint on its face pleads three federal causes of action.

To the extent Plaintiff alleges removal is improper because the Complaint includes both federal and state causes of action, Congress has specifically dealt with this situation, and made clear that in such cases the entire case may be removed. See 28 U.S.C. § 1441(c); see also Sullivan, 2023 U.S. Dist. LEXIS 210766, at *25 (denying motion to remand and holding that because the action would have been removable either with or without the inclusion of the state and local claims, that the entire action was properly removed); see also Kane v. St. Raymond's Roman Catholic Church, No. 14-CV-7028 (AJN), 2015 U.S. Dist. LEXIS 91398, at *7 (S.D.N.Y. July 13, 2015) (noting the court's appropriate federal-question jurisdiction when plaintiff's original state-court complaint alleged claims under both the federal Civil Rights Act and state law).

Since it is undisputed that Plaintiff's Complaint asserts federal claims over which this Court has original jurisdiction, removal on the basis of federal question jurisdiction is proper. (Comp. ¶¶ 158-163, 184-190); 28 U.S.C. § 1331.

**B.     Defendants Timely Removed This Action**

Pursuant to 28 U.S.C. § 1446(b)(1), an action must be removed within 30 days of the defendant's receipt of the summons and complaint "through service or otherwise." The Supreme Court has made clear that the 30-day time period to remove an action is not triggered until after the defendant is properly served, regardless of whether or not the defendant receives a copy of the complaint in the absence of formal service. See Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 356 (1999) (resolving split among Circuit Courts by holding the deadline

to remove is not triggered until after proper service occurs, even if the defendant informally receives a copy of the complaint through other means). Here, it is apparent that all Defendants removed well within the 30-day time period, and Plaintiff does not argue otherwise.

## POINT II

### PLAINTIFF'S REMAINING OBJECTION TO REMOVAL LACKS MERIT

Plaintiff's remaining objection to removal is illogical and wholly lacks merit. Without any basis in fact or law, Plaintiff posits that removing this case to federal court would prejudice Plaintiff, because the damages available under the FLSA differ from those available under the NYLL.

Defendants removed Plaintiff's entire action to this Court, including her NYLL claim. (Doc. No. 1); see also 28 U.S.C. § 1441(c). While Defendants deny that Plaintiff is capable of prevailing on her claims or that she will be entitled to recover liquidated damages, the removal of the State Action to this Court has no impact nor prejudice to Plaintiff as respects her potential entitlement to recovery. However, even if there is some prejudice to Plaintiff, it has no bearing on the propriety of removal, particularly when Plaintiff elected to assert a FLSA claim as well as Section 1981 claims in addition to her NYLL claim, and thus conferred subject matter jurisdiction upon this Court. Sullivan, 2023 U.S. Dist. LEXIS 210766, at *16.

Because Plaintiff offers no legitimate basis to remand this matter, Plaintiff's Motion to Remand should be denied.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request the Court enter an order denying Plaintiff's Motion to Remand, and award Defendants such other and further relief

as the Court deems just, including fees and costs associated with opposing Plaintiff's baseless application.

Respectfully submitted,

JACKSON LEWIS PC
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

Dated: February 5, 2024         By:    _____
          New York, New York                 Tania J. Mistretta
                                              Cooper Binsky

*Attorneys for Defendants*
   *Estée Lauder Inc., Estée Lauder*
   *Companies, Inc., ELC Beauty LLC, Estée*
   *Lauder International Inc., Lusine Jacobs,*
   *Noé Arteaga, Angelina Miller and Jenne*
   *Eugene*

4895-5010-5505, v. 1