UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THERESA SPIEGEL,

                          *Plaintiff,*

–against–

ESTEE LAUDER, INC., ESTEE LAUDER
COMPANIES, INC., ELC BEAUTY LLC,
ESTEE LAUDER INTERNATIONAL, INC.,
LUISINE JACOBS, NOE ARTEAGA, ANGELINA
MILLER, and JENNE EUGENE,
                          *Defendant(s)*

Civil Action No.:
23-CV-11209 (DLC) (OTW)

---

**REPLY MEMORANDUM OF LAW IN RESPONSE
TO DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

 

Tanner & Ortega, LLP
*Attorney for Plaintiffs*
299 Broadway – 17th Floor
New York, NY 10007
(212) 962 – 1333

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………………i

PRELIMINARY STATEMENT………………………………………………………..……..1

ARGUMENT…………………………………………………………………………...…….…1

CONCLUSION……………………………………………………………………………....6

# TABLE OF AUTHORITIES

**Cases**                                                                                          Page(s)

Barbara v. New York Stock Exchange, Inc.,
    99 F.3d 49 (2d Cir. 1996) ............................................................................................... 1

Box Tree South, Ltd. v. Bitterman,
    873 F. Supp. 833, 837-38 (S.D.N.Y. 1995) …………………………………………... 2, 6

Derrico v. Sheehan Emergency Hosp,
    844 F.2d 22 (2d Cir. 1988) ………………………………………………………….... 2

Eugene Iovine, Inc. v. City of New York,
    1998 U.S. Dist. LEXIS 20420, No. 98 Civ. 2767, 1999 WL 4899, at *5
    (S.D.N.Y. Jan. 5, 1999) ………………………………………………………….…… 2

Fax Telecommunicaciones, Inc v. ATT,
    138 F.3d 479 (1998) ……………………………………………………………...…… 2

Gilman v. BHC Secs., Inc.,
    104 F.3d 1418, 1421 (2d Cir. 1997) ………………………………………………….. 6

Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,
    545 U.S. 308, 314 (2005) …………………………………………………………….. 4

Greenblatt v. Delta Plumbing & Heating Corp.,
    68 F.3d 561, 570 (2d Cir. 1995) …………………………………………………….... 1, 2

Gunn v. Minton
    568 U.S. 251, 258, 133 S. Ct. 1059, 185 L. Ed. 2d 72 (2013) ………………………… 3

J.A. Jones Constr. Co. & Daidone Elec. of N.Y., Inc. v. City of New York,
    753 F. Supp. 497, 501 (S.D.N.Y. 1990) …………………………………………….... 2

Maher v. Nusret N.Y.,
    2022 U.S. Dist. LEXIS 26405 (S.D.N.Y. 2022) ……………………………………... 1

Marcus v. AT&T Corp.,
    138 F.3d 46, 53-54 (2d Cir. 1998) ………………………………………………….. 6

Merrell Dow Pharmaceuticals, Inc. v. Thompson,
    478 U.S. 804 (1986) ……………………………………………………….. 1, 2, 3, 5

Metropolitan Life Ins. Co. v. Taylor,
    481 U.S. 58, 107 S. Ct. 1542, 1547-48, 95 L. Ed. 2d 55 (1987) …………………….... 6

Moore v. Chesapeake & Ohio R. Co.,
    291 U.S. 205, 54 S. Ct. 402, 78 L. Ed. 755 (1934) ……………………………………... 5

New York v. Arm or Ally, LLC.,
    644 F. Supp. 3d 70, 77 (2022) ………………………………………………………….. 4, 5

Platzer v. Sloan-Kettering Inst. for Cancer Research,
    787 F. Supp. 360, 366-67 (S.D.N.Y.)  aff'd mem., 983 F.2d 1086 (Fed. Cir. 1992) …... 2

Seinfeld v. Austen,
    39 F.3d 761, 763-65 (7th Cir. 1994) ……………………………………………………. 3


West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.,
    815 F.2d 188 (1986) ………………………………………………………………….. 2

**Statutes**

New York City Human Rights Law §8–107 …………………………………………….... 1, 3, 4

New York Consolidated Law, Labor Law §198 …………………………………………. 5

28 U.S.C. §1447(c) …………………………………………………………………….... 6

29 USC §206 ……………………………………………………………………………. 3, 4, 5

42 USC §1981 ………………………………………………………………………...… 3, 4, 6

## PRELIMINARY STATEMENT

This reply memorandum is respectfully submitted in response to Defendants' Memorandum In Opposition to Plaintiff's Motion to Remand this action to New York County Supreme Court.

## ARGUMENT

Defendants have opposed remand upon their removal of this matter to Federal Court. However, defendants' have not conclusively established that the mere presence of any Federal Claim in Plaintiff's claim automatically requires removal. Critically, Plaintiff's core nucleus of operative facts does not raise any federal question as the complaint hinges primarily on actions taken by a New York State Corporation in discriminating against its New York City employee in violation of the New York City Human Rights Law. Maher v. Nusret N.Y. LLC, 2022 U.S. Dist. LEXIS 26405, *1-2.

The U.S. Supreme Court has emphasized that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. at 813, 106 S. Ct. at 3234 (1986); see Barbara v. New York Stock Exchange, Inc., 99 F.3d 49 (2d Cir. 1996) at 54. "'Rather, in determining federal question jurisdiction, courts must make principled, pragmatic distinctions, engaging in a selective process which picks the substantial causes out of the web and lays the other ones aside.'" Barbara, 99 F.3d at 54 (quoting Greenblatt v. Delta Plumbing & Heating Corp., 68 F.3d 561, 570 (2d Cir. 1995)); see Merrell Dow, 478 U.S. at 813-14, 106 S. Ct. at 3235.

1

Thus, courts have found that removal to federal court is only proper where the state action simply provides the vehicle for "the vindication of rights and . . . relationships created by Federal Law." West 14th Street Commercial Corp. v. 5 West 14th Owners Corp., 815 F.2d 188, 815 F.2d at 193 (1986); see Fax Telecommunicaciones, 138 F.3d 479; Derrico v. Sheehan Emergency Hosp, 844 F.2d 22 (2d Cir. 1988), 844 F.2d at 28; see also Platzer v. Sloan-Kettering Inst. for Cancer Research, 787 F. Supp. 360, 366-67 (S.D.N.Y.), aff'd mem., 983 F.2d 1086 (Fed. Cir. 1992). [**13]

On the other hand, courts have consistently "held that when Congress has provided no private right of action under a federal statute, the borrowing of that federal law as a standard of conduct in a state created action is not sufficiently substantial to confer federal question jurisdiction." West 14th St., 815 F.2d at 193. In Merrell Dow, for example, the U.S. Supreme Court found that removal was improper where the Plaintiffs brought a state tort action to recover for birth defects allegedly caused by drugs ingested by the mother, asserting that the defendant's alleged violation of federal labeling requirements gave rise to a rebuttable presumption of negligence. 478 U.S. at 805-06, 817, 106 S. Ct. at 3231, 3237; see Greenblatt, 68 F.3d at 570-71; see also Eugene Iovine, Inc. v. City of New York, 1998 U.S. Dist. LEXIS 20420, No. 98 Civ. 2767, 1999 WL 4899, at *5 (S.D.N.Y. Jan. 5, 1999); Box Tree So., Ltd. v. Bitterman, 873 F. Supp. 833, 837-38 (S.D.N.Y. 1995) (no jurisdiction where state libel claim turned on allegation that plaintiff violated federal labor laws); J.A. Jones Constr. Co. & Daidone Elec. of N.Y., Inc. v. City of New York, 753 F. Supp. 497, 501 (S.D.N.Y. 1990) [**14] (no jurisdiction where breach of public works contract turned on interpretation of federal "model clauses" inserted to obtain EPA approval).

The present case plainly falls into the latter category of cases. The alleged violation of the 42 USC §1981 and 29 USC §206 statute simply informs the inquiry whether Defendants breached their state common law duties codified under NYCHRL to not intentionally and/or negligently injure Plaintiff structurally, and emotionally, in her employment, much as the alleged violation of the federal labeling statute informed the determination of negligence in <u>Merrell Dow</u>. Moreover, contrary to those cases in which a Federal Statute defined the rights of or relationship between the parties, in this case it is New York Law, and not the Federal Statutes, that defines the relationship between Plaintiff and the Defendants in their capacity as a New York City retailer impermissibly discriminating against a store employee. Here, New York Law only looks to Federal Law as a guidepost in assessing the extent of damages that occurred as a result of a breach of a codified common law duty under NYCHRL and therefore, the nucleus of concern and action, i.e the state law prohibited discrimination ultimately remains a creature of New York law.

Accordingly, the federal interest in Plaintiffs' claim for relief against the Defendant is too insubstantial to support federal question jurisdiction. See <u>Seinfeld v. Austen</u>, 39 F.3d 761, 763-65 (7th Cir. 1994) (removal of shareholder derivative action was improper where state law breach of fiduciary duty claim was predicated on defendants' alleged violation of federal antitrust laws);

Indeed, the Supreme Court held that "federal jurisdiction over a state law claim will only lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." <u>Gunn v. Minton</u>, 568 U.S. 251, 258, 133 S. Ct.

3

1059, 185 L. Ed. 2d 72 (2013) (discussing Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005)). "Where all four of these requirements are met . . ., jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." Id. (quoting Grable, 545 U.S. at 313). New York v. Arm or Ally, LLC., 644 F. Supp. 3d 70, 77 (2022).

Applying the *Grable test* here, removal of the plaintiff's suit for discrimination based on a violation of NYCHRL would not be proper. First, the Plaintiff has premised her claim on the failure of the Estee Lauder's New York based retail store to provide her with a non-discriminatory work environment as defined by New York law." 545 U.S. at 314-15. Thus, whether the plaintiff had been discriminated against in her employment is a question that arises primarily and essentially under New York Law and only once established as a violation of New York Law only then does the complaint seek to employ the Federal Statutes as multipliers in assessing the depth of damages to her of the wrongdoing by the Defendants." Id. at 315. Second, no meaning of any federal statute is actually in dispute and is certainly not the only legal or factual issue contested in the case." Id. Third, 42 USC §1981 and 29 USC §206, as employed in Plaintiff's complaint, does not require the Court to interpret any particular part of the federal statutes in a way that implicates any important issue of federal law that "sensibly belong[ed] in a federal court" given that Plaintiff merely recasts her state law discrimination claim as a 42 USC §1981 claim without essentializing any reference to any particular part of 42 USC §1981.

As such the state claim for discrimination (Count I) is the nucleus of the Federal claim, which is essentially merely appended to the state claim as a damages multiplier and thus does not require or implicate any specialized Federal Judicial insight. Finally, here, removal will disrupt the federal-state balance because it will undermine the state's primary interest in addressing a state discrimination matter brought under a state statute and will further prejudice plaintiff's right under state law to obtain a higher recovery for liquidated damages of 300% under New York Consolidated Law, Labor Law §198 versus the 100% permitted under Federal Law. Thus, federal jurisdiction is not necessary here to resolve any genuine disagreement over the state discrimination claim and will instead impinge and impose unreasonable prejudice upon the Plaintiff and thus have a significant effect on the federal-state division of labor." Id. New York v. Arm or Ally, LLC., 644 F. Supp. 3d 70, 77.

Indeed, Defendant's reliance on the mere presence of federal claims in the predominantly state law based complaint as a basis for automatic removal is unavailing and must be rejected. The defendants do not demonstrate how the federal interest here is magnified and or show that the state claims have been preempted by Federal law. Here, the "the violation of the federal standard as an element of state tort recovery [does] not change the state tort nature of the action." 478 U.S. at 814 n.12, 106 S. Ct. at 3235 n.12 (reconciling Smith with Moore v. Chesapeake & Ohio R. Co., 291 U.S. 205, 54 S. Ct. 402, 78 L. Ed. 755 (1934)).

Importantly, the Defendants have not demonstrated any preemptive effects of either 42 USC §1981 or 29 USC §206 and thus have not shown that "Congress has clearly

5

manifested an intent to disallow state law claims in a particular field." Marcus v. AT&T Corp., 138 F.3d 46, 53-54 (2d Cir. 1998) (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66, 107 S. Ct. 1542, 1547-48, 95 L. Ed. 2d 55 (1987); see also Box Tree South, Ltd. v. Bitterman, 873 F. Supp. 833, 837-38 (S.D.N.Y. 1995). Here, the defendants have failed to demonstrate any such clear congressional intent. See Gilman v. BHC Secs., Inc., 104 F.3d 1418, 1421 (2d Cir. 1997) (party asserting federal jurisdiction bears burden of demonstrating case warrants removal to federal court).

## CONCLUSION

Accordingly, because there is no **substantial federal question** involved, Plaintiffs' motion to **remand** the action to New York Supreme Court pursuant to 28 U.S.C. § 1447(c) should be granted.

Dated: February 23, 2024
New York, NY

_____
Hugo Ortega, Esq.
*Tanner & Ortega, LLP*
299 Broadway – 17th Floor
NY, NY 10007
(212) 962 – 1333