UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THERESA SPIEGEL,

                        Plaintiff,

      -against-

ESTÉE LAUDER INC., ESTÉE LAUDER COMPANIES, INC., ELC BEAUTY LLC, ESTÉE LAUDER INTERNATIONAL INC., LUSINE JACOBS, NOÉ ARTEAGA, ANGELINA MILLER and JENNE EUGENE,

                    Defendant(s).

Case No.: 23-CV-11209
(DLC) (OTW)

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE AND DISMISS PLAINTIFF'S AMENDED COMPLAINT

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York, 10017
(212) 545-4000

Attorneys of record:
Tania J. Mistretta
Cooper Binsky

*Attorneys for Defendants*
  *Estée Lauder Inc., Estée Lauder*
  *Companies, Inc., ELC Beauty LLC,*
  *Estée Lauder International Inc.,*
  *Lusine Jacobs, Noé Arteaga,*
  *Angelina Miller and Jenne Eugene*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 2

    A.    Plaintiff's Employment .................................................................................... 2

    B.    Plaintiff's Supervision of Noé Arteaga and First Write-Up ................................. 3

    C.    Arteaga Complains to Human Resources Regarding Plaintiff and Plaintiff Receives Counseling on Unconscious Bias ...................................... 4

    D.    Plaintiff Receives a Final Warning and Retains Counsel to Negotiate a Separation ................................................................................. 6

    E.    Arteaga Submits Another Complaint Regarding Plaintiff and Plaintiff Refuses to Cooperate with the Investigation. ........................................... 7

    F.    Plaintiff's Irrelevant and Inadmissible Allegations That Pre-Date Arteaga's Employment. .................................................................................. 7

ARGUMENT ....................................................................................................................... 8

POINT I ............................................................................................................................... 8

THE COURT SHOULD STRIKE PARAGRAPH 26 AND EXHIBITS 1-5 OF THE AMENDED COMPLAINT ................................................................................................ 8

    A.    The Offending Allegations are Inadmissible ........................................................ 9

    B.    The Offending Allegations Have No Bearing on Plaintiff's Claims ........................................................................................................ 10

    C.    The Offending Allegations Are Designed to Prejudice Defendants ................................................................................................. 10

POINT II ........................................................................................................................... 11

THE AMENDED COMPLAINT FAILS TO PLEAD A PLAUSIBLE CLAIM AGAINST DEFENDANTS AND SHOULD BE DISMISSED ........................................ 11

    A.    Standard of Review Under Fed. R. Civ. P. 12(b)(6) ............................................ 11

    B.    Plaintiff Fails to Plead An Employment Relationship With Estée Lauder Inc., Estée Lauder Companies, Inc., Estée

  Lauder International Inc. ........................................................................... 12

C. Plaintiff Fails to State a Plausible Claim Against Defendant
  Noé Arteaga ........................................................................................ 13

D. Plaintiff Fails to State a Claim Against Defendants for
  Discrimination or a Hostile Work Environment Under
  Section 1981, the NYSHRL or NYCHRL ........................................... 15

E. Plaintiff's Section 1981 Retaliation Claim Must Be
  Dismissed ............................................................................................ 20

F. Plaintiff's Tort Claims Must Be Dismissed ....................................... 23

G. Plaintiff's FLSA and NYLL Claims Must Be Dismissed
  Because Plaintiff Fails To Plead Overtime Violations. ....................... 24

CONCLUSION ........................................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Abalola v. St. Luke's-Roosevelt Hosp. Ctr.,
  No. 20-CV-6199 (GHW), 2022 U.S. Dist. LEXIS 59753
  (S.D.N.Y. Mar. 30, 2022) ........................................................................................14

Adams v. City of New York,
  No. 23-CV-6637 (LTS), 2023 U.S. Dist. LEXIS 181655
  (S.D.N.Y. Oct. 10, 2023) .........................................................................................19

Allen v. St. Cabrini Nursing Home, Inc.,
  198 F. Supp. 2d 442 (S.D.N.Y. 2002)......................................................................18

Arculeo v. On-Site Sales & Mktg., L.L.C.,
  425 F.3d 193 (2d Cir. 2005).....................................................................................12

Ashcroft v. Iqbal,
  556 U.S. 662 (2009)..................................................................................................11

Atuahene v. City of Hartford,
  10 F. App'x 33 (2d Cir. 2001) ..................................................................................13

Baptiste v. City Univ. of New York,
  No. 22-CV-2785 (JMF), 2023 U.S. Dist. LEXIS 112745
  (S.D.N.Y. June 29, 2023)..............................................................................16, 18, 19

Bautista v. PR Gramercy Square Condo.,
  642 F. Supp. 3d 411 (S.D.N.Y. 2022)......................................................................15

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007)..................................................................................................11

Bliss v. Putnam Valley Cent. Sch. Dist.,
  No. 06-CV-15509 (WWE), 2011 U.S. Dist. LEXIS 35485
  (S.D.N.Y. March 24, 2011)........................................................................................24

Cardwell v. Davis Polk & Wardwell LLP,
  No. 19-CV-10256 (GHW), 2020 U.S. Dist. LEXIS 198655
  (S.D.N.Y. Oct. 24, 2020) ..........................................................................................20

Chidume v. Greenburgh-North Castle Union Free Sch. Dist,
  No. 18-CV-01790 (PMH),  2020 U.S. Dist. LEXIS 78720
  (S.D.N.Y. May 4, 2020).............................................................................................14

Cooper v. Franklin Templeton Invs.,
    No. 22-2763-CV, 2023 U.S. App. LEXIS 14244
    (2d Cir. June 8, 2023) ........................................................................................................18

DeJesus v. HF Mgmt. Servs.,
    726 F.3d 85 (2d Cir. 2013).................................................................................................25

Ding v. Mask Pot,
    No. 20-CV-06076 (LDH), 2022 U.S. Dist. LEXIS 180242
    (E.D.N.Y. Sep. 30, 2022)...................................................................................................12

Disability Advocates, Inc. v. Paterson,
    No. 03-CV-3209 (NGG) (MDG), 2008 U.S. Dist. LEXIS 103310
    (E.D.N.Y. Dec. 22, 2008) ....................................................................................................9

Eliav v. Roosevelt Island Operating Corp.,
    No. 22-CV-09978 (VEC), 2024 U.S. Dist. LEXIS 10228
    (S.D.N.Y. Jan. 18, 2024).....................................................................................................14

Erasmus v. Deutsche Bank Ams. Holding Corp.,
    No. 15-CV-1398 (PAE), 2015 U.S. Dist. LEXIS 160351
    (S.D.N.Y. Nov. 30, 2015) ...................................................................................................16

Felder v. United States Tennis Ass'n,
    27 F.4th 834 (2d Cir. 2022) ................................................................................................16

Fenner v. News Corp.,
    No. 09-CV-09832 (LGS), 2013 U.S. Dist. LEXIS 170187
    (S.D.N.Y. Dec. 2, 2013)......................................................................................................17

Ferris v. Delta Air Lines, Inc.,
    277 F.3d 128 (2d Cir. 2001)................................................................................................23

Fraser v. City of N.Y.,
    No. 20-CV-5741 (NGG) (RER), 2022 U.S. Dist. LEXIS 137335
    (E.D.N.Y. July 29, 2022) ....................................................................................................12

Friederick v. Passfeed, Inc.,
    No. 21-CV-2066 (RA), 2022 U.S. Dist. LEXIS 60743
    (S.D.N.Y. Mar. 31, 2022) ...................................................................................................14

Fleming v. MaxMara USA, Inc.,
    371 F. App'x 115 (2d Cir. 2010) .........................................................................................15

Gomez v. City of N.Y.,
    No. 12-CV-6409 (RJS), 2014 U.S. Dist. LEXIS 113674
    (S.D.N.Y. Aug. 14, 2014)....................................................................................................21

Guerrero v. City of New York,
    No. 18-CV-5353 (NGG) (RER), 2020 U.S. Dist. LEXIS 19257
    (S.D.N.Y. Feb. 4, 2020) ................................................................................................17

Heap v. CenturyLink, Inc.
    No. 18-CV-1220 (LAP), 2020 U.S. Dist. LEXIS 54315
    (S.D.N.Y. Mar. 27, 2020) .............................................................................................17

Hsieh Liang Yeh v. Han Dynasty, Inc
    No. 18-CV-6018 (PAE), 2019 U.S. Dist. LEXIS 24298
    (S.D.N.Y. Feb. 14, 2019) .............................................................................................13

Idlisan v. N.Y.C. Health & Hosps. Corp.,
    No. 12-CV-9163 (PAE), 2013 U.S. Dist. LEXIS 163151
    (S.D.N.Y. Nov. 15, 2013) .............................................................................................11

James v. Borough of Manhattan Cmty. Coll.,
    No. 20-CV-10565 (LJL), 2021 U.S. Dist. LEXIS 229173
    (S.D.N.Y. Nov. 29, 2021) .............................................................................................22

Juhua Han v. Kuni's Corp.,
    No. 19-CV-6265 (RA), 2020 U.S. Dist. LEXIS 90460
    (S.D.N.Y. May 22, 2020) ........................................................................................12, 13

Lafia v. New York City,
    No. 22-CV-07925 (PGG) (RFT), 2024 U.S. Dist. LEXIS 15686
    (S.D.N.Y. Jan. 29, 2024) ..............................................................................................21

Lawtone-Bowles v. City of N.Y.,
    No. 17-CV-8024 (WHP), 2019 U.S. Dist. LEXIS 25136
    (S.D.N.Y. Feb. 15, 2019) .............................................................................................22

Liu v. Kueng Chan,
    No. 18-CV-05044 (KAM) (SJB), 2020 U.S. Dist. LEXIS 34969
    (E.D.N.Y. Feb. 28, 2020) .............................................................................................24

Low v. Robb,
    No. 11-CV-2321 (JPO), 2012 U.S. Dist. LEXIS 6836
    (S.D.N.Y. Jan. 20, 2012) ................................................................................................8

Lundy v. Catholic Health Sys. of Long Island, Inc.,
    711 F.3d 106 (2d Cir. 2013) ...................................................................................24, 25

Mauro v. N.Y. City Dept. of Educ.,
    No. 19-CV-4372 (GBD) (KHP), 2020 U.S. Dist. LEXIS 120830
    (S.D.N.Y. July 9, 2020) ................................................................................................14

Mendoza v. City of N.Y.,

No. 21-CV-2731 (LDH) (JRC), 2023 U.S. Dist. LEXIS 56984
(E.D.N.Y. Mar. 31, 2023) ................................................................................20

Morse v. Weingarten,
777 F. Supp. 312 (S.D.N.Y. 1991) ...................................................................10

Ndongo v. Bank of China Ltd.,
No. 22-CV-05896 (RA), 2023 U.S. Dist. LEXIS 31238
(S.D.N.Y. Feb. 24, 2023) .................................................................................16

Nolan v. Cty. of Erie,
No. 19-CV-01245, 2020 U.S. Dist. LEXIS 72729
(W.D.N.Y. Apr. 24, 2020) ................................................................................23

Ochei v. Mary Manning Walsh Nursing Home Co., Inc.,
No. 10-CV-2548 (CM) (RLE), 2011 U.S. Dist. LEXIS 20542
(S.D.N.Y. Mar. 1, 2011) ..................................................................................19

Pallonetti v. Liberty Mut.,
No. 10-CV-4487 (RWS), 2011 U.S. Dist. LEXIS 14529
(S.D.N.Y. Feb. 11, 2011) .................................................................................24

Panchishak v. County of Rockland,
No. 20-CV-10095 (KMK), 2021 U.S. Dist. LEXIS 184561
(S.D.N.Y. Sep. 27, 2021) .................................................................................23

Patrick v. Loc. 51, Am. Postal Workers Union,
No. 19-CV-10715 (NSR)(PED), 2022 U.S. Dist. LEXIS 25983
(S.D.N.Y. Feb. 14, 2022) .................................................................................10

Paupaw-Myrie v. Mount Vernon City Sch. Dist.,
653 F. Supp. 3d 80 (S.D.N.Y. 2023)................................................................21

Plasencia v. City of N.Y. Dep't of Educ.,
No. 19-CV-11838 (ALC), 2023 U.S. Dist. LEXIS 168227
(S.D.N.Y. Sep. 21, 2023) .................................................................................14

Richards v. City of New York,
No. 19-CV-10697 (MKV), 2021 U.S. Dist. LEXIS 185647
(S.D.N.Y. Sept. 28, 2021) ...............................................................................16

Sanchez v. L'Oreal USA, Inc.,
No. 21-CV-3229 (VC), 2022 U.S. Dist. LEXIS 88733
(S.D.N.Y. May 17, 2022).................................................................................25

Sanderson v. Leg Apparel LLC,
19-CV-08423 (GHW), 2020 U.S. Dist. LEXIS 102875
(S.D.N.Y. June 11, 2020).................................................................................23

Scheuer v. United States Liab. Ins. Co.,
   No. 22-CV-09474 (NSR), 2023 U.S. Dist. LEXIS 111103
   (S.D.N.Y. June 27, 2023)............................................................................................8

Sherman v. Yonkers Pub. Sch.,
   No. 21-CV-7317 (CS), 2023 U.S. Dist. LEXIS 3802
   (S.D.N.Y. Jan. 9, 2023)............................................................................................16

Shukla v. Deloitte Consulting LLP,
   19-CV-10578 (AJN)(SDA), 2020 U.S. Dist. LEXIS 104555
   (S.D.N.Y. June 15, 2020)..........................................................................................24

Smalls v. Amazon.com Servs. LLC,
   No. 20-CV-5492 (RPK) (RLM), 2022 U.S. Dist. LEXIS 21422
   (E.D.N.Y. Feb. 7, 2022)............................................................................................19

Smith v. Town of Patterson,
   No. 22-CV-313 (NSR), 2023 U.S. Dist. LEXIS 8023
   (S.D.N.Y. Jan. 17, 2023)...........................................................................................25

Sotomayor v. City of N.Y.,
   862 F. Supp. 2d 226 (E.D.N.Y. 2012) .......................................................................15

Stevens v. New York,
   691 F. Supp. 2d 392 (S.D.N.Y. 2009)........................................................................23

We the Patriots United States v. Conn. Office of Early Childhood Dev.,
   No. 22-249-CV, 2023 U.S. App. LEXIS 20156 (2d Cir. Aug. 4, 2023) ..................11

Yeremis v. Charter Communs. Inc.,
   No. 20-CV-4723 (GHW), 2021 U.S. Dist. LEXIS 238376
   (S.D.N.Y. Dec. 13, 2021)..........................................................................................12

**Statutes**

Fed. R. Civ. P. 12(f)......................................................................................................8

Fed. R. Civ. P. 12(b)(6).................................................................................................11

Fed. R. Evid. 402 ...........................................................................................................9

Fed. R. Evid. 403 ...........................................................................................................9

Fed. R. Evid. 802 ...........................................................................................................9

## PRELIMINARY STATEMENT

Defendants Estée Lauder Inc., Estée Lauder Companies, Inc., ELC Beauty LLC, Estée Lauder International Inc., Lusine Jacobs, Noé Arteaga, Angelina Miller, and Jenne Eugene ("Defendants"), respectfully submit this memorandum of law in support of their motion pursuant to Rules 12(f) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), for an order striking Paragraph 26 and Exhibits 1-5 of the Amended Complaint, and dismissing the Amended Complaint filed by Plaintiff Theresa Spiegel ("Plaintiff") for failure to state a claim.

Plaintiff employs a "kitchen-sink" approach to pleading causes of action against Defendants, including claims of discrimination and a hostile work environment based on race, age, and gender orientation in violation of the New York State Human Rights law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"), race discrimination and retaliation in violation of 42 U.S.C. Section 1981 ("Section 1981"), tort causes of action for negligent infliction of emotional distress ("NIED"), and negligent hiring/supervision, and alleged unpaid overtime claims in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

As set forth below, much of Plaintiff's 197-paragraph and 18-exhibit long Amended Complaint bears no relation to her underlying causes of action, is inadmissible and prejudicial. Accordingly, the Court should grant Defendants' motion to strike Paragraph 26 and Exhibits 1-5 of the Amended Complaint pursuant to FRCP 12(f). The remainder of Plaintiff's Amended Complaint fails to plead claims against Defendants sufficient to withstand dismissal, and in some instances, belies the very claims Plaintiff purports to assert. As an initial matter, despite Plaintiff's attempt to name Estée Lauder Companies, Inc., Estée Lauder Inc., and Estée Lauder International Inc. ("Non-Employing ELC Defendants"), there is not a single allegation attributing any conduct to these defendants, nor are there any allegations to support a plausible claim against them as an "employer" sufficient to impose liability under the NYSHRL, NYCHRL,

Section 1981, the FLSA, NYLL or negligent hiring/retention causes of action. Plaintiff further fails to plead any basis to impute liability to Arteaga, over whom Plaintiff exercised supervision. On this basis alone, these defendants must be dismissed.

Even if the Court were to evaluate the sufficiency of Plaintiff's claims, her NYSHRL, NYCHRL, and Section 1981 claims fail to allege sufficient facts to state a plausible claim that she suffered any differential or hostile treatment because of her race, age, gender orientation or because of any protected activity. Indeed, the facts plead contradict these claims, and demonstrate any treatment Plaintiff was subjected to was due to repeated complaints by Arteaga regarding Plaintiff's own misconduct, and Plaintiff never engaged in protected activity. Plaintiff's tort claims suffer from the same defects and are insufficiently plead. Plaintiff's NIED claim fails to sufficiently plead the kind of extreme and outrageous conduct required to withstand dismissal. Furthermore, Plaintiff's NIED and negligent hiring/retention claims are barred by the New York Workers' Compensation Law ("WCL"). Finally, Plaintiff fails to plead facts sufficient to state a claim of unpaid overtime under the FLSA and NYLL, and courts have routinely rejected allegations identical to those alleged here as insufficient to state a plausible a claim.

Accordingly, the Court should grant Defendant's motion to strike and motion to dismiss Plaintiff's Amended Complaint, with prejudice.

## STATEMENT OF FACTS[1]

### A.    Plaintiff's Employment

Plaintiff, a 71-year-old White, cisgender, heterosexual female, alleges that she was an employee of ELC Beauty LLC ("ELC Beauty") where she worked as a Store Manager at its Frederic Malle Editions de Parfums Boutique (the "Boutique") from April 2019 to November 14,

---

[1] While the Court must accept the facts alleged in the Amended Complaint as true solely for purposes of this motion to dismiss, Defendants categorically deny Plaintiff's allegations Defendants engaged in any wrongful conduct.

2022.[2]  As Store Manager, Plaintiff was responsible for the sales of the Boutique, in addition to managing her personal sales and supervising staff.  (Am. Comp. ¶¶ 23, 27).  Plaintiff alleges she was a successful seller, and worked forty hours per week but would often arrive before her start time to perform tasks.  (Am. Comp. ¶¶ 96, 112).  Plaintiff alleges she was not paid for work performed on days she arrived early, for which she would have been entitled to overtime.  (Am. Comp. ¶¶ 112-113).

Plaintiff reported to Lusine Jacobs, Northeast Field Executive, and Angelina Miller, Field Executive.  (Am. Comp. ¶¶ 18, 20, 32).  As Sales Manager, Plaintiff supervised the sales staff including Noé Arteaga, a Fragrance Advisor. (Am. Comp. ¶ 19, 36). Plaintiff does not allege Arteaga had any supervisory responsibility over her.  (Am. Comp. generally).  Plaintiff claims Arteaga is a "Hispanic male in his early 30's" who "strongly identified with gender orientation and identity classifications based on the LGBTQ movement." (Am. Comp. ¶¶ 28-29).  Arteaga uses they/them pronouns, preferring to be referred to as "their" or by name.  (Am. Comp. ¶ 75).[3]

Plaintiff names the Non-Employing ELC Defendants, but does not allege that they employed her or anyone else.  (Am. Comp. generally).  The sole allegations specific to the Non-Employing ELC Defendants is whether they are wholly owned by one another, licensed to operate in the state, and are publicly held corporations.  (Am. Comp. ¶¶ 8-15).  Indeed, Plaintiff does not allege that any entity employed her other than ELC Beauty.  (Am. Comp. ¶ 16 and generally).

**B.    Plaintiff's Supervision of Noé Arteaga and First Write-Up**

On October 3, 2021, Arteaga began working at the Boutique as a Fragrance Advisor

---

[2] See Plaintiff's Amended Complaint, dated March 8, 2024, at ¶¶ 2, 16-17 ("Am. Comp." or "Amended Complaint") annexed to the Declaration of Tania J. Mistretta, Esq., dated March 15, 2024.
[3] Tellingly and highlighting Plaintiff's prejudice even in her own Amended Complaint, Plaintiff fails to respect Arteaga's preferred pronouns and repeatedly refers to Arteaga as he/him despite her admitted awareness that Arteaga identifies as they/them.  (Am. Comp. ¶¶ 28, 31, 50-51, 53, 55, 57-58, 61, 64-67, 69, 73, 77-80, 85, 88, 124).

reporting directly to Plaintiff.  (Am. Comp. ¶ 36).  According to Plaintiff, Arteaga informed her that Jacobs and Miller approved a request by Arteaga for an unpaid leave of absence in December 2021 and January 2022, despite the dates falling in a blackout period during which requests for time off are prohibited.  (Am. Comp. ¶¶ 31, 38).  Plaintiff alleges she submitted the Boutique schedules for November and December reflecting Arteaga's leave, which Jacobs approved.  (Am. Comp. ¶¶ 39-42).  Plaintiff claims that despite Jacobs approving Arteaga's absence and the schedules submitted, that Jacobs and Miller wrongfully disciplined Plaintiff in January 2022 for granting Arteaga leave "to conceal from their supervisors" that it was in fact Jacobs and Miller who approved Arteaga's absence.  (Am. Comp. ¶¶ 39-42, 44, 48).

Plaintiff alleges Arteaga repeatedly violated Company policies, including reporting to work late and wearing wrinkled clothing, and when Plaintiff counseled Arteaga regarding their policy violations they became insubordinate and argumentative.  (Am. Comp. ¶¶ 49, 50, 52-53). Plaintiff alleges Jacobs initially refused to permit Plaintiff to write Arteaga up, but she subsequently wrote Arteaga up for lateness twice.  (Am. Comp. ¶¶ 54-55,57).  Plaintiff alleges that after Arteaga continued to show up to work late following receipt of a final warning, Jacobs instructed Plaintiff to conceal Arteaga's lateness.  (Am. Comp. ¶ 60).  Plaintiff alleges Arteaga frequently lied about using sick days, and when she coached Arteaga on sales performance that they became argumentative and insubordinate. (Am. Comp. ¶¶ 61-67).   Plaintiff alleges she was subsequently rebuked for failing to improve Arteaga's sales performance. (Am. Comp. ¶ 68).

C.   **Arteaga Complains to Human Resources Regarding Plaintiff and Plaintiff Receives Counseling on Unconscious Bias**

In or around May 2022, Arteaga complained that Plaintiff complimented Arteaga on their haircut.  (Am. Comp. ¶ 69).  Following Arteaga's complaint, Plaintiff was counseled to not compliment co-workers' personal appearance.  (Am. Comp. ¶ 69).  Plaintiff alleges she was

"singled out" for complimenting co-workers' personal appearance following Arteaga's complaint about her, and that this directive was not given to other employees.  (Am. Comp. ¶ 70).

Arteaga also raised concerns to Human Resources regarding other employees aside from Plaintiff, including Giovanni Trujillo, another salesperson at the Boutique.  (Am. Comp. ¶¶ 71-73).  According to Plaintiff, Arteaga complained that Trujillo was not being inclusive when assisting customers who identify with other LGBTQ categories. (Am. Comp. ¶ 73).  Plaintiff alleges Trujillo was also "singled out" and counseled by Human Resources following Arteaga's complaint, and encouraged to be more inclusive when assisting customers. (Am. Comp. ¶¶ 73-74).

Plaintiff alleges Arteaga violated the Boutique's dress code by wearing nail polish and wrinkled clothing, and when Plaintiff sought clarification on these policies to enforce them that Jacobs and Human Resources never responded.  (Am. Comp. ¶¶ 77, 88-91).  Plaintiff alleges on June 17, 2022, Plaintiff spoke with Eugene to discuss Arteaga's lateness and alleged lying, and Eugene informed her Human Resources would not look into the issue.  (Am. Comp. ¶¶ 92-93).

In June 2022, Plaintiff was notified by Jacobs that going forward she must address Arteaga by name or by the pronoun "their" and that employees must be addressed only by the pronouns of their choice.  (Am. Comp. ¶ 75).  Plaintiff alleges she was again "singled out" and this directive was not given to other employees and was not company-wide.  (Am. Comp. ¶¶ 76, 94).  Plaintiff alleges on June 7, 2022, Arteaga left a book titled "How to be an Anti-Racist" on her desk, which had anti-white themes in it, which she found offensive.  (Am. Comp. ¶¶ 85-87).

Following Arteaga's complaints, Plaintiff alleges she was excused from meeting with Arteaga to discuss their performance, and was instead required to view a training on unconscious bias and discrimination in the workplace, and how to overcome such practices.  (Am. Comp. ¶ 100).  Plaintiff alleges the training was a "race-based tutorial."  (Am. Comp. ¶ 101).

Plaintiff further alleges that because she was excluded from Arteaga's evaluation meeting she was unable to provide negative feedback she intended to provide regarding Arteaga.  (Am. Comp. ¶¶ 102-104).  Plaintiff further complains she was removed as Arteaga's supervisor following their complaints about her, and was subsequently denied the opportunity to submit negative feedback on Arteaga's performance.  (Am. Comp. ¶¶ 105-108).

> **D.    Plaintiff Receives a Final Warning and Retains Counsel to Negotiate a Separation**

In August 2022, Plaintiff received a written warning for violating Company policy in regard to timekeeping, managing employee lateness and exercising poor judgment with respect to sharing details about Arteaga with another Store Manager.  (Am. Comp. ¶¶ 114-116, Exhibit 17).  Specifically, Plaintiff was counseled for sharing details regarding Arteaga's lateness, policy violations, and stating she did not "understand Noé's personality traits."  (Am. Comp. Exhibit 17).  Plaintiff was further counseled for sharing negative feedback regarding Arteaga with her Field Executive Training Manager while on the salesfloor when Arteaga was only steps away.  (Id.).  Plaintiff further alleges that after sharing her professional (and negative) opinion of Jacobs with Frederic Malle, the founder and creative director of the Frederic Malle brand, Jacobs "rebuked" her.  (Am. Comp. ¶¶ 119-121).  Plaintiff alleges she informed Jacobs and Miller the counseling she received was "false."  (Am. Comp. ¶ 122).

On September 12, 2022, Plaintiff, through counsel, sent a letter indicating that she wished to resign from employment in exchange for severance.  (Am. Comp. ¶ 123).  According to Plaintiff, she complained of "illegal harassment" and a "hostile work environment" but did not include any other facts or details regarding the substance of her letter or complaints.  (Id.). After negotiations, Plaintiff alleges she and ELC Beauty were unable to come to an agreement regarding Plaintiff's severance, and she continued working at the Boutique.  (Id.).

E.    **Arteaga Submits Another Complaint Regarding Plaintiff and Plaintiff Refuses to Cooperate with the Investigation.**

On October 25, 2022, Arteaga complained to Human Resources that they overheard Plaintiff on a telephone call speaking negatively about them.  (Am. Comp. ¶ 124).  This was less than two months after Plaintiff was counseled for the same conduct – discussing Arteaga negatively with others.    (Am. Comp. ¶ 116; Exhibit 17).    Plaintiff was placed on paid administrative leave pending an investigation into Arteaga's concerns.  (Am. Comp. ¶ 125).

As part of the investigation, Plaintiff was requested to cooperate and participate in an interview.  (Am. Comp. ¶¶ 126-128).  While Plaintiff initially cooperated, Plaintiff cut the meeting short and refused to be cooperate without her counsel present.  (Am. Comp. ¶¶ 126-129).  According to Plaintiff, "[i]n retaliation for Plaintiff's efforts to sever her employment relationship with ELC BEAUTYY LLC" it "placed Plaintiff on leave…" and on November 14, 2022, it terminated Plaintiff's employment. (Am. Comp. ¶¶ 130-131)

F.    **Plaintiff's Irrelevant and Inadmissible Allegations That Pre-Date Arteaga's Employment.**

Relying upon articles, and correspondence which she has no personal knowledge of and no involvement drafting, Plaintiff alleges the Black Lives Matter movement is a militant race-based organization that espouses being WOKE to Social Justice causes of inclusivity and diversity.  (Am. Comp. ¶ 26, n. 1 at unnumbered paragraphs ("#") 6, 12-13).  Plaintiff further alleges after the death of George Floyd and under pressure from the Black Lives Matter movement and a letter writing campaign from its employees, that "ELC" wrongfully offered to donate money to black charities, conduct mandatory training on unconscious bias, established a new Equity and Engagement Center of Excellence Department, and supported Black Lives Matter approved causes, such as LGBTQ issues.  (Am. Comp. ¶ 26, n. 1 at # 1-3, 7, 10-11). Plaintiff alleges Black Lives Matter is a "youth and student activist oriented movement which has always been heavily in

support of the LGBTQ and other so-called liberation movements" which espouse being "WOKE" and impose political correctness, which is "discriminatory."  (Am. Comp. ¶ 26 n. 1, at # 12-13).

In support of these bigoted claims, Plaintiff cites to Exhibits 1 through 5 of her Amended Complaint, all of which have no correlation to her claims, and only serve to highlight Plaintiff's own prejudices.  (Am. Comp. ¶ 26, n. 1, Exhibits 1-5). In short, Plaintiff's claim is that because ELC Beauty was sensitive to the Black Lives Matter Movement, it was also sensitive to LGBTQ issues, and subsequently prevented Plaintiff from effectively supervising Arteaga, an employee who identified as they/them, because it feared Plaintiff's actions posed a threat to its profits.  For the reasons set forth below, these allegations are baseless and even if true, fail to nudge Plaintiff's claims across the line from conceivable to plausible to withstand dismissal.

## **ARGUMENT**

## **POINT I**

## **THE COURT SHOULD STRIKE PARAGRAPH 26 AND EXHIBITS 1-5 OF THE AMENDED COMPLAINT**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The purpose of FRCP 12(f) is to create a clear mechanism for the Court to save time and expense by eliminating certain items from pleadings when they clearly lack merit, and to dispose of irrelevant allegations. See Scheuer v. United States Liab. Ins. Co., No. 22-CV-09474 (NSR), 2023 U.S. Dist. LEXIS 111103, at *4 (S.D.N.Y. June 27, 2023).  To prevail on a Rule 12(f) motion, the movant must show: (1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice. See Low v. Robb, No. 11-CV-2321 (JPO), 2012 U.S. Dist. LEXIS 6836, at *24 (S.D.N.Y. Jan. 20, 2012).

There are three categories Defendants seek to strike at pages 4 through 6, including:

(1) Paragraph 26, n. 1 # 1-5 and Exhibit 1 – referring to a June 2020 letter to William Lauder seeking to remove the CEO because he donated money to and supported Donald Trump's campaign (the "Trump Allegations"); (2) Paragraph 26, n. 1 # 7-11 and Exhibits 2-5 – referring to the Black Lives Matter movement and initiatives to promote a diverse workplace, including making donations to black charities, establishing the Equity and Engagement Center of Excellence, and embracing LGBTQ issues, with articles by unrelated parties discussing same (the "Initiative Allegations"); and (3) Paragraph 26, n. 1 # 6, 12-13 – alleging the Black Lives Matter movement is a militant race-based organization and a youth and student activist oriented movement that supports the LGBTQ and "other so-called liberation movements" which espouse being "WOKE" to social justice issues which encourages discrimination (the "Black Lives Matter Allegations").

 As set forth below, the Trump Allegations, Initiative Allegations and Black Lives Matter Allegations (the "Offending Allegations") are nothing more than a smear campaign against Defendants that bear no relation to any legal causes of action. Accordingly, an order striking the Offending Allegations is warranted.

## A. The Offending Allegations are Inadmissible

 The Offending Allegations are inadmissible because they constitute hearsay, are more prejudicial than probative, and lack relevance, having nothing to do with Plaintiff's claims. See Fed. R. Evid. 402, 403, 802; see also Disability Advocates, Inc. v. Paterson, No. 03-CV-3209 (NGG) (MDG), 2008 U.S. Dist. LEXIS 103310, at *62-64 (E.D.N.Y. Dec. 22, 2008) (excluding articles as inadmissible hearsay). Plaintiff inexplicably purports to rely upon the contents of two Global Cosmetics News articles, and a transphobic article published in Evie Magazine, documents which Plaintiff had zero involvement drafting and information over which she has no personal knowledge, in an attempt to portray ELC Beauty as overly solicitous to what Plaintiff describes as "liberation" movements such as Black Lives Matter and LGBTQ issues. (Paragraph 26, n. 1 # 7-

13 and Exhibits 2-5). These bare allegations lack relevance to Plaintiff's claims and would be inadmissible at a trial of this matter.

**B.** <u>**The Offending Allegations Have No Bearing on Plaintiff's Claims**</u>

Even if everything alleged in Paragraph 26 and Exhibits 1-5 were true, it would have zero impact on Plaintiff's claims, all of which stem from conduct occurring fourteen months later. (Am. Comp. ¶¶ 26, n. 1, 36, 144 (alleging unlawful treatment commenced upon Arteaga's hire)). When as here, allegations do not remotely bear on the merits of the case, an order striking the offending provisions is appropriate. <u>See</u> <u>Morse v. Weingarten</u>, 777 F. Supp. 312, 319 (S.D.N.Y. 1991) (striking when there was "no reason to allow those references to remain in the complaint.").

**C.** <u>**The Offending Allegations Are Designed to Prejudice Defendants**</u>

Courts have deemed allegations to be prejudicial when they are amorphous, unspecific and cannot be defended against, and where the allegations, if publicized, harm the movant in the public eye and could influence prospective jury members. <u>See</u> <u>Patrick v. Loc. 51, Am. Postal Workers Union</u>, No. 19-CV-10715 (NSR)(PED), 2022 U.S. Dist. LEXIS 25983, at *3 (S.D.N.Y. Feb. 14, 2022). The Offending Allegations do just that. There is no way Defendants can defend against the Offending Allegations because they are nonspecific, comprised of opinion, and are designed to harm Defendants. Defendants cannot possibly defend against allegations regarding the Black Lives Matter movement, its alleged status as a "militant race-based organization", it's support of LGBTQ or other movements or the opinions of individuals on TikTok – allegations over which neither Plaintiff nor Defendants have any personal knowledge. (Am. Comp. ¶¶ 26, n. 1, Exhibit 5). Plaintiff's allegations are intended to inflame the reader in an improper attempt to invoke bias against individuals and organizations that support LGBTQ rights and the Black Lives Matter movement, and should be stricken.

Because Plaintiff can have no proper purpose to include Paragraph 26, with

footnote 1 and Exhibits 1-5 other than to inflame the reader, and prejudice Defendants with allegations Defendants are incapable of defending against since they have nothing to do with Defendants, Plaintiff, or the claims in this action, the Offending Allegations should be stricken.

**POINT II**

**THE AMENDED COMPLAINT FAILS TO PLEAD A PLAUSIBLE CLAIM AGAINST DEFENDANTS AND SHOULD BE DISMISSED**

    A.    **Standard of Review Under Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must set forth "sufficient factual matter" to state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." We the Patriots United States v. Conn. Office of Early Childhood Dev., No. 22-249-CV, 2023 U.S. App. LEXIS 20156, at *20 (2d Cir. Aug. 4, 2023) (quoting Iqbal, 556 U.S. at 678). The plaintiff must offer more than facts suggesting the "sheer possibility" the defendant is liable, or facts that are "merely consistent with" that conclusion. Id. (quoting Twombly, 550 U.S. at 557). In the employment context, a plaintiff seeking to advance a discrimination claim must plead sufficient facts to suggest a plausible nexus between the protected classification and adverse treatment. See Idlisan v. N.Y.C. Health & Hosps. Corp., No. 12-CV-9163 (PAE), 2013 U.S. Dist. LEXIS 163151, at *15-16 (S.D.N.Y. Nov. 15, 2013). When a complaint pleads claims that lack plausibility, such claims should be "exposed at the point of minimum expenditure of time and money by the parties and the court" and dismissal for failure to state a claim is appropriate. Twombly, 550 U.S. at 558.

Here, because Plaintiff fails to allege sufficient facts supporting a plausible claim against Defendants, the Amended Complaint should be dismissed in its entirety, with prejudice.

**B.    Plaintiff Fails to Plead An Employment Relationship With Estée Lauder, Inc., Estée Lauder Companies, Inc., or Estée Lauder International Inc.**

In order to state a plausible claim under Section 1981, the NYSHRL, NYCHRL, FLSA and NYLL, Plaintiff must plead facts to plausibly allege that that the Non-Employing ELC Defendants were her "employer."  See Juhua Han v. Kuni's Corp., No. 19-CV-6265 (RA), 2020 U.S. Dist. LEXIS 90460, at *14-15 (S.D.N.Y. May 22, 2020) (evaluating sufficiency of allegations to plead the existence of an employment relationship under Section 1981, the NYSHRL and NYCHRL); Ding v. Mask Pot, No. 20-CV-06076 (LDH), 2022 U.S. Dist. LEXIS 180242, at *4-5, *7, 9 (E.D.N.Y. Sep. 30, 2022) (evaluating sufficiency of allegations on a motion to dismiss under the FLSA and NYLL). To plead a claim of negligent hiring or supervision, Plaintiff must plead facts supporting that the tort-feasors were in an employee-employer relationship with the defendant.  See Fraser v. City of N.Y., No. 20-CV-5741 (NGG) (RER), 2022 U.S. Dist. LEXIS 137335, at *14 (E.D.N.Y. July 29, 2022).

Courts have adopted two tests to evaluate whether an entity is an employer, including the single employer doctrine and the joint employer standard.  See Arculeo v. On-Site Sales & Mktg., L.L.C., 425 F.3d 193, 198 (2d Cir. 2005).  To invoke the single employer or joint employer doctrines and withstand dismissal, a complaint must plead sufficient facts to satisfy one of the applicable standards.  See Yeremis v. Charter Communs. Inc., No. 20-CV-4723 (GHW), 2021 U.S. Dist. LEXIS 238376, at *12-13, 18 (S.D.N.Y. Dec. 13, 2021) (dismissing complaint that failed to even allege the single employer or joint employer doctrines applied).

Here, Plaintiff does not even include boilerplate allegations to support that the Non-Employing ELC Defendants were her or anyone else's "employer." (Am. Comp. generally). In fact, Plaintiff readily admits that ELC Beauty was her employer, as well as the employer of the individual defendants. (Am. Comp. ¶¶ 16-21).  Furthermore, Plaintiff does not attribute any unique

conduct to the Non-Employing ELC Defendants to support the existence of a single employer or joint employer theory of liability, which is fatal to her claims.  <u>See</u>  <u>Atuahene v. City of Hartford</u>, 10 F. App'x 33, 34 (2d Cir. 2001) (affirming dismissal holding an attempt to lump all defendants together with no factual basis to distinguish their conduct was insufficient).

        The sole allegations specific to the Non-Employing ELC Defendants relate to whether they are registered to do business in the state, are publicly held, or have an ownership interest in one another. (Am. Comp. ¶¶ 8-9, 12-15). This is plainly insufficient to state a claim. <u>See</u> <u>Juhua Han.</u>, No. 19-CV-6265 (RA), 2020 U.S. Dist. LEXIS 90460, at *15 n.14 (dismissing 1981, NYSHRL and NYCHRL claims against non-employer noting a corporation cannot be held liable for the actions of another separate company merely because it has an ownership interest); <u>Hsieh Liang Yeh v. Han Dynasty, Inc.</u>, No. 18-CV-6018 (PAE), 2019 U.S. Dist. LEXIS 24298, at *22 (S.D.N.Y. Feb. 14, 2019) (dismissing FLSA and NYLL claims where the complaint failed to allege any connection between the plaintiff and the defendant entities).  Furthermore, it does not appear from Plaintiff's six causes of action that she intends asserts any claims against the Non-Employing ELC Defendants.  (Am. Comp. ¶¶ 132-197). Accordingly, the Non-Employing ELC Defendants must be dismissed from this Action.

        **C.**    **<u>Plaintiff Fails to State a Plausible Claim Against Defendant Noé Arteaga</u>**

        Plaintiff purports to assert claims of race, age and gender orientation discrimination in violation of the NYSHRL and NYCHRL against Arteaga, as well as claims of race discrimination in violation of Section 1981 and a tort claim for NIED.  For the reasons set forth below, Plaintiff is incapable of pleading claims against Arteaga, over whom Plaintiff exercised supervision, and they should be dismissed from this action.

        To evaluate whether an individual defendant can be liable, a complaint must plead "direct, personal involvement in discriminatory conduct, or that the defendant 'aided and abetted'

the discrimination or retaliation at issue, i.e., that the defendant 'encouraged, condoned or approved' it." Plasencia v. City of N.Y. Dep't of Educ., No. 19-CV-11838 (ALC), 2023 U.S. Dist. LEXIS 168227, at *7 (S.D.N.Y. Sep. 21, 2023).  Here, the Amended Complaint is silent as to any basis for imposing liability against Arteaga.  (Am. Comp. generally); Abalola v. St. Luke's-Roosevelt Hosp. Ctr., No. 20-CV-6199 (GHW), 2022 U.S. Dist. LEXIS 59753, at *14-15 (S.D.N.Y. Mar. 30, 2022) (holding to plead a claim for individual liability under Section 1981, a plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action); Friederick v. Passfeed, Inc., No. 21-CV-2066 (RA), 2022 U.S. Dist. LEXIS 60743, at *23-24 (S.D.N.Y. Mar. 31, 2022) (holding individual liability under the NYSHRL and NYCHRL is limited to cases where an individual participates in the conduct giving rise to the claim); Chidume v. Greenburgh-North Castle Union Free Sch. Dist., No. 18-CV-01790 (PMH), 2020 U.S. Dist. LEXIS 78720, at *39 (S.D.N.Y. May 4, 2020) (dismissing NIED claim against individuals absent any basis to permit recovery under the bystander or direct duty theory).

From the face of the Amended Complaint it is clear Arteaga had zero involvement with any decisions affecting Plaintiff's employment, particularly when it was Plaintiff who supervised Arteaga, and not the other way around. (Am. Comp. ¶ 36).  The sole allegations regarding Arteaga, that they were insubordinate when counseled, violated Company policy and left a book on Plaintiff's desk which she believed had racist themes are insufficient to state a claim. See Mauro v. N.Y. City Dept. of Educ., No. 19-CV-4372 (GBD) (KHP), 2020 U.S. Dist. LEXIS 120830, at *14 (S.D.N.Y. July 9, 2020) (dismissing NYSHRL and NYCHRL claims against an individual noting the allegations were insufficient to support a claim); see also Eliav v. Roosevelt Island Operating Corp., No. 22-CV-09978 (VEC), 2024 U.S. Dist. LEXIS 10228, at *19 (S.D.N.Y. Jan. 18, 2024) (dismissing claims when the conduct alleged constituted petty slights, and collecting

cases finding no hostile work environment when the employer wrongfully excluded plaintiff from meetings, excessively criticized her, refused to answer questions, threw books and sent rude emails) (citing Fleming v. MaxMara USA, Inc., 371 F. App'x 115, 119 (2d Cir. 2010)); Bautista v. PR Gramercy Square Condo., 642 F. Supp. 3d 411, 427-428 (S.D.N.Y. 2022) (collecting cases and dismissing NYSHRL and NYCHRL claims noting "isolated incidents of unwelcome verbal and physical conduct" constitute petty slights and trivial inconveniences that are not actionable even under the NYCHRL). Even if Arteaga did place a book on Plaintiff's desk which she deemed offensive, there is no basis to support that they did so because of her race, age or gender orientation, undermining her claims. See Bautista, 642 F. Supp. 3d at 428 (noting the lack of any direct or comparator evidence to support a claim). Rather, from the face of the Amended Complaint it is clear that if Arteaga placed the book on Plaintiff's desk, that it was related to Arteaga's complaints regarding Plaintiff's own misconduct. (Am. Comp. ¶ 69).

As set forth more fully below, Plaintiff fails to plead sufficient facts nudging her claims across the line from conceivable to plausible. However, because Plaintiff fails to plead any facts whatsoever to impose liability against Arteaga, they must be dismissed from this action.

### D.    Plaintiff Fails to State a Claim Against Defendants for Discrimination or a Hostile Work Environment Under Section 1981, the NYSHRL or NYCHRL

Claims of discrimination under Section 1981, the NYSHRL and NYCHRL are subject to the familiar McDonnell Douglas burden-shifting framework. See Sotomayor v. City of N.Y., 862 F. Supp. 2d 226, 251 (E.D.N.Y. 2012). To plead a plausible claim for discrimination Plaintiff must allege facts plausibly showing she: (1) is a member of a protected class; (2) was qualified to hold the position; (3) suffered an adverse employment consequence (1981 and NYSHRL) or was treated differently than other employees (NYCHRL); and (4) the employer's adverse action or differential treatment occurred under circumstances giving rise to an inference

of discrimination. <u>See</u> <u>Baptiste v. City Univ. of New York</u>, No. 22-CV-2785 (JMF), 2023 U.S. Dist. LEXIS 112745, at *6-7 (S.D.N.Y. June 29, 2023).[4]  Under Section 1981, "[a] plaintiff must initially plead and ultimately prove that, but for [her] race, [she] would not have suffered the loss of a legally protected right." <u>Felder v. United States Tennis Ass'n</u>, 27 F.4th 834, 848 (2d Cir. 2022).  While a plaintiff need not establish a <u>prima</u> <u>facie</u> case at the pleading stage, a plaintiff must still allege the adverse action was made "at least in part for a discriminatory reason" which may be done by "alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." <u>Richards v. City of New York</u>, No. 19-CV-10697 (MKV), 2021 U.S. Dist. LEXIS 185647, at *17 (S.D.N.Y. Sept. 28, 2021). The pleading standard for NYCHRL claims is more permissive, but courts still require "some evidence from which discrimination can be inferred."  <u>Erasmus v. Deutsche Bank Ams. Holding Corp.</u>, No. 15-CV-1398 (PAE), 2015 U.S. Dist. LEXIS 160351, at *26 (S.D.N.Y. Nov. 30, 2015) (granting motion to dismiss NYCHRL claims when plaintiff failed to plead differential treatment "because of [plaintiff's] membership in a protected class").

At the pleading stage, to withstand dismissal on a hostile work environment claim under the NYSHRL, Plaintiff must plead she was subjected "to inferior terms, conditions or privileges of employment" because of her membership in a protected class.  N.Y. Exec. Law § 296(1)(h); <u>Ndongo v. Bank of China Ltd.</u>, No. 22-CV-05896 (RA), 2023 U.S. Dist. LEXIS 31238, at *23-24 (S.D.N.Y. Feb. 24, 2023).  The NYCHRL does not differentiate between discrimination and hostile work environment claims, and analyzes both under the same provisions, which require a plaintiff show they were treated less well because of a protected characteristic. <u>See</u> <u>Fenner v.</u>

---

[4] Plaintiff's only discrimination claim under Section 1981 is for race, since Section 1981 does not recognize claims of discrimination based upon age or gender orientation.  <u>See</u> 42 U.S.C. § 1981(a); <u>Sherman v. Yonkers Pub. Sch.</u>, No. 21-CV-7317 (CS), 2023 U.S. Dist. LEXIS 3802, at *19 n.6 (S.D.N.Y. Jan. 9, 2023).

News Corp., No. 09-CV-09832 (LGS), 2013 U.S. Dist. LEXIS 170187, at *38 n.2 (S.D.N.Y. Dec. 2, 2013).  It is axiomatic that mistreatment at work, including a hostile work environment, is actionable only when it occurs because of a protected characteristic.  See Heap v. CenturyLink, Inc. No. 18-CV-1220 (LAP), 2020 U.S. Dist. LEXIS 54315, at *33 (S.D.N.Y. Mar. 27, 2020).

Here, Plaintiff's blanket repeated assertions that she was "deprived…the same rights as are enjoyed by Black citizens" and was discriminated against for being a "cis gender, heterosexual, 71-year-old woman" fail to raise even a minimal inference of discrimination.  (Am. Comp. ¶¶ 142, 158).  Repeating conclusory legal arguments in a complaint does not convert them into factual allegations simply because they are stated over and over again. See Guerrero v. City of New York, No. 18-CV-5353 (NGG) (RER), 2020 U.S. Dist. LEXIS 19257, at *11-12 (S.D.N.Y. Feb. 4, 2020) (granting motion to dismiss holding "other than repeating the conclusory phrase 'racial and gender stereotyping,' [p]laintiff fails to allege specific facts that give rise to an inference that [defendant's] actions were motivated by either racial or gender animus or stereotyping.").

In essence, Plaintiff's allegations are: (1) that Jacobs and Miller unfairly disciplined her in January 2022 for approving Arteaga's absence to conceal that Miller and Jacobs approved Arteaga's request for leave (Am. Comp. ¶¶ 47-48); (2) that Plaintiff was "singled out" and counseled to refrain from complimenting co-workers and instructed to respect Arteaga's preferred pronouns after Arteaga complained to Human Resources about Plaintiff (Am. Comp. ¶¶ 75-76, 94, 135); (3) Plaintiff was removed as Arteaga's supervisor, prevented from disciplining them and delivering negative feedback during their evaluation following complaints about Plaintiff, and that Plaintiff was instead required to undergo unconscious bias training (Am. Comp. ¶¶ 54, 100-104, 106); (4) Plaintiff received unfair disciplinary counseling because she expressed her negative professional opinion of Jacobs, leading her to retain counsel and request to separate from

employment (Am. Comp. ¶¶ 119-123); and (5) after Arteaga complained about Plaintiff a third time for negatively discussing them on a personal call, Plaintiff was placed on administrative leave and ultimately terminated from employment after she declined to cooperate with the investigation. (Am. Comp. ¶¶ 124, 129-131). Plaintiff attempts to supplement the pleading defects, but still falls short, by trying to argue that Plaintiff and Arteaga are comparators and that she was written up and disciplined for conduct while Arteaga was not, and that Arteaga's placement of a book on her desk is evidence of discrimination. (Am. Comp. ¶¶ 135, 139, 147).

   Even assuming all of these allegations as true, none of them support that any actions were taken with respect to Plaintiff because of her race, age or gender orientation. (Am. Comp. generally). Indeed, from the face of the Amended Complaint it is apparent Plaintiff was counseled and her employment terminated following her own misconduct, including refusing to respect Arteaga's pronouns, inappropriately commenting on Arteaga's appearance, trying to unfairly discipline Arteaga, and refusing to cooperate with investigations into her own misconduct. (Am. Comp. generally). Such allegations do not merely diminish Plaintiff's claims, they undercut them. See Baptiste, No. 22-CV-2785 (JMF), 2023 U.S. Dist. LEXIS 112745, at *8-9 (noting the entire theory of the case undercut the notion that such conduct was motivated by discriminatory animus); Allen v. St. Cabrini Nursing Home, Inc., 198 F. Supp. 2d 442, 451 (S.D.N.Y. 2002) (recognizing plaintiff's refusal to cooperate with an investigation is a legitimate reason for dismissal).

   Additionally, while Plaintiff may take issue with Arteaga's complaints about her and believe Arteaga allegedly leaving a book on her desk accusing her of being racist is unlawful, it is well settled that is insufficient to state a claim. See Cooper v. Franklin Templeton Invs., No. 22-2763-CV, 2023 U.S. App. LEXIS 14244, at *7 (2d Cir. June 8, 2023) (affirming dismissal of NYSHRL and NYCHRL claims holding "a statement that someone is a 'racist,' while potentially

indicating unfair dislike, does not indicate that the object of the statement is being rejected because of h[er] race. 'Racism' is not a race, and discrimination on the basis of alleged racism is not the same as discrimination on the basis of race.") (internal citations omitted). To the extent Plaintiff attempts to argue differential treatment as compared to Arteaga, this claim similarly lacks merit since there are no facts to support that she and Arteaga were similarly situated in all material respects, particularly given she supervised Arteaga. See Smalls v. Amazon.com Servs. LLC, No. 20-CV-5492 (RPK) (RLM), 2022 U.S. Dist. LEXIS 21422, at *18 (E.D.N.Y. Feb. 7, 2022) (granting dismissal noting "[c]ourts in this district have often recognized supervisors and non-managerial employees to be differently situated for purposes of assessing discriminatory intent.").

While Plaintiff may even believe that she was subjected to unfair treatment because of her race, age, or gender orientation, even under the most liberal reading of Section 1981, the NYSHRL and NYCHRL, and affording the Amended Complaint every benefit of the doubt, these conclusory allegations cannot sustain a cause of action. See Ochei v. Mary Manning Walsh Nursing Home Co., Inc., No. 10-CV-2548 (CM) (RLE), 2011 U.S. Dist. LEXIS 20542, at *6-9 (S.D.N.Y. Mar. 1, 2011) (dismissing NYSHRL and NYCHRL claims rejecting the tired false syllogism: I am (fill in the protected class); something bad happened to me at work; therefore the bad thing happened because I am (fill in the protected class)); Baptiste, No. 22-CV-2785 (JMF), 2023 U.S. Dist. LEXIS 112745, at *9 (rejecting false syllogism under Section 1981).

The sine qua non of a discrimination or harassment claim is that the alleged conduct be motivated at least in part because of the plaintiff's protected characteristics. See Adams v. City of New York, No. 23-CV-6637 (LTS), 2023 U.S. Dist. LEXIS 181655, at *8 (S.D.N.Y. Oct. 10, 2023) (dismissing complaint which failed to plead conduct motivated by a protected characteristic). Here, because it is apparent from the face of the Amended Complaint that Plaintiff

was disciplined for reasons wholly unrelated to her race, age or gender orientation namely – Arteaga's various complaints regarding her and her refusal to cooperate with the investigation, her claims are doomed to fail.  Accordingly, Plaintiff's discrimination and hostile work environment claims under Section 1981, the NYSHRL and NYCHRL must be dismissed.

**E.**     **Plaintiff's Section 1981 Retaliation Claim Must Be Dismissed[5]**

Claims of retaliation under Section 1981 require a plaintiff to satisfactorily plead: (1) protected activity; (2) of which the defendant was aware; (3) an adverse employment action; and (4) a causal connection between the protected activity and adverse action. See Cardwell v. Davis Polk & Wardwell LLP, No. 19-CV-10256 (GHW), 2020 U.S. Dist. LEXIS 198655, at *84, 106 (S.D.N.Y. Oct. 24, 2020).   Under Section 1981, a complaint must plead that protected activity was the "but-for" cause of the employer's adverse action to withstand dismissal.  See Mendoza v. City of N.Y., No. 21-CV-2731 (LDH) (JRC), 2023 U.S. Dist. LEXIS 56984, at *23-24 (E.D.N.Y. Mar. 31, 2023).   Here, Plaintiff is incapable of pleading a plausible claim of retaliation because she did not engage in any protected activity, and accordingly cannot allege any facts to demonstrate that such protected activity was the "but-for" cause of any adverse action.

**1.**     Plaintiff Did Not Engage in Protected Activity Under Section 1981

Plaintiff alleges that on September 12, 2022, she "notified" ELC Beauty, through counsel, that she was subjected to unspecified "illegal harassment" and a "hostile work environment" and requested to end employment in exchange for severance.  (Am. Comp. ¶ 123). Plaintiff further alleges that "[i]n retaliation for Plaintiff's efforts to sever her employment relationship" that ELC Beauty placed her on leave and terminated her employment.  (Am. Comp. ¶ 130, Exhibit 18).  These allegations are patently insufficient to plead a plausible retaliation claim

---

[5] Plaintiff's Section 1981 retaliation is only asserted against ELC Beauty. (Am. Comp. ¶¶ 191-197).

under Section 1981.  Indeed, by Plaintiff's admission she claims her separation was in retaliation

of her request to leave ELC Beauty, and not because of any protected activity.  (Am. Comp. ¶ 130).

Significantly, nowhere in the Amended Complaint prior to September 12, 2022,

does Plaintiff even attempt to allege she engaged in protected activity.  (Am. Comp. generally).

Accordingly, any alleged conduct pre-dating September 12, 2022, cannot plausibly state a claim

of retaliation under Section 1981. See Lafia v. New York City, No. 22-CV-07925 (PGG) (RFT),

2024 U.S. Dist. LEXIS 15686, at *46 (S.D.N.Y. Jan. 29, 2024) (noting to plead a claim of

retaliation the protected activity must precede the retaliatory act).  To the extent Plaintiff alleges

her counsel's letter notifying ELC Beauty of generalized complaints of "harassment" and a "hostile

work environment" constitute protected activity, her claim is doomed to fail.  To engage in

protected activity under Section 1981, Plaintiff must "complain[] about or otherwise oppose[]

conduct that she reasonably believes to have violated § 1981."  Gomez v. City of N.Y., No. 12-

CV-6409 (RJS), 2014 U.S. Dist. LEXIS 113674, at *16 (S.D.N.Y. Aug. 14, 2014) (dismissing

retaliation claim when plaintiff failed to engage in protected activity).  Generalized complaints

about alleged mistreatment are insufficient to qualify as protected activities.  See Paupaw-Myrie

v. Mount Vernon City Sch. Dist., 653 F. Supp. 3d 80, 101-103 (S.D.N.Y. 2023) (granting motion

to dismiss Section 1981 retaliation claim and noting "it is objectively unreasonable to believe that

complaining about poor treatment in the workplace entirely unrelated to any trait, protected or

otherwise, is a 'protected activity'"). This is precisely the sort of "complaint" at issue here – a

generalized objection to conduct believed to be "discriminatory" and "harassing" without any

factual context to suggest it related to race.  (Am. Comp. ¶ 123).  This is plainly insufficient to

plausibly allege protected activity under Section 1981 to adequately state a retaliation claim.

2.    Plaintiff Fails to Plead "But-For" Causation

Because Plaintiff does not allege she engaged in protected activity, she is incapable

of pleading facts sufficient to support the requisite "but-for" causation to withstand dismissal. Even if Plaintiff could plead she engaged in protected activity, she still fails to plead a causal nexus between such protected activity and any adverse conduct beyond the timing of her counsel letter, which is insufficient.  See James v. Borough of Manhattan Cmty. Coll., No. 20-CV-10565 (LJL), 2021 U.S. Dist. LEXIS 229173, at *30 (S.D.N.Y. Nov. 29, 2021) (rejecting as insufficient plaintiff's belief her concerns "contributed to" her being denied reappointment, finding that she did not establish the requisite "but-for" causation necessary to plead a retaliation claim).

In fact, the Amended Complaint allegations undercut any inference of retaliation and demonstrate Plaintiff was placed on administrative leave and her employment terminated not because of any letter from her counsel, but because Arteaga filed a third complaint regarding Plaintiff's misconduct, and she refused to cooperate with the investigation.  When as here, the "pleadings reveal "adverse [disciplinary] actions [that] were both part, and the ultimate product, of an extensive period of progressive discipline" that began before any protected activity, the Court will not infer retaliatory animus based on temporal proximity alone." Lawtone-Bowles v. City of N.Y., No. 17-CV-8024 (WHP), 2019 U.S. Dist. LEXIS 25136, at *13 (S.D.N.Y. Feb. 15, 2019) (granting motion to dismiss) (internal citations omitted).

Because Plaintiff did not engage in protected activity under Section 1981, she is incapable of pleading a plausible claim of retaliation.  However, even if she could plead protected activity, Plaintiff does not allege that her termination was in any way related to such protected activity, but alleges instead that it was motivated due to her expressed desire to resign.  An employee's request to amicably separate from employment does not constitute protected activity under Section 1981, warranting dismissal of Plaintiff's Section 1981 retaliation claim.

F.    **Plaintiff's Tort Claims Must Be Dismissed**

       1.    Plaintiff's Claims of NIED and Negligent Hiring/Retention and Supervision Are Barred by the WCL And Must Be Dismissed.

Plaintiff's claims premised on the conduct of her co-workers is subject to dismissal and barred by WCL, because in New York a plaintiff cannot bring a claim of negligence against their employer or co-workers. See Stevens v. New York, 691 F. Supp. 2d 392, 397 (S.D.N.Y. 2009); Ferris v. Delta Air Lines, Inc., 277 F.3d 128, 137-38 (2d Cir. 2001) (affirming dismissal of negligent hiring, retention, and supervision as "precluded by the exclusive remedy provisions of New York's Workers' Compensation statute"); Nolan v. Cty. of Erie, No. 19-CV-01245, 2020 U.S. Dist. LEXIS 72729, at *39 (W.D.N.Y. Apr. 24, 2020) (collecting cases and dismissing NIED claim noting the WCL bars an employe from suing an employer or co-worker for negligence).

Plaintiff further fails to plead facts sufficient to state a claim of NIED because she does not plead any extreme and outrageous conduct to support a claim, nor does she plead that Defendants' alleged breach of a duty unreasonably endangered her own physical safety. See Panchishak v. County of Rockland, No. 20-CV-10095 (KMK), 2021 U.S. Dist. LEXIS 184561, at *26-27 (S.D.N.Y. Sep. 27, 2021) (rejecting conclusory allegations defendants' conduct caused plaintiff emotional distress, noting a plaintiff must still allege extreme and outrageous conduct to withstand dismissal); See Sanderson v. Leg Apparel LLC, 19-CV-08423 (GHW), 2020 U.S. Dist. LEXIS 102875, at *31-32 (S.D.N.Y. June 11, 2020) (dismissing NIED claim noting a plaintiff must allege "an emotional injury from [a defendants'] breach of a duty which unreasonably endangered her own physical safety or caused her to fear for her physical safety") (internal citations and quotations omitted).

Plaintiff similarly fails to successfully plead a claim of negligent hiring/retention

and supervision against ELC Beauty.[6] To plead a claim of negligent hiring/retention and supervision, Plaintiff must plead (1) an employee-employer relationship; (2) that the employer knew or should have known of the employee's propensity to cause the injury prior to its occurrence; and (3) the tort was committed on the employer's premises or with the employer's chattels. See Bliss v. Putnam Valley Cent. Sch. Dist., No. 06-CV-15509 (WWE), 2011 U.S. Dist. LEXIS 35485, at *27 (S.D.N.Y. March 24, 2011). Plaintiff fails to plead these critical elements, doming her negligent hiring/retention and supervision claim to fail.  See Pallonetti v. Liberty Mut., No. 10-CV-4487 (RWS), 2011 U.S. Dist. LEXIS 14529, at * 3 (S.D.N.Y. Feb. 11, 2011) (dismissing negligent hiring claim when plaintiff failed to allege how the employer failed to properly supervise alleged wrongdoers or would have known they had a propensity to cause the alleged harm).  Additionally, Plaintiff's negligent hiring/retention and supervision claim fails because she pleads the employees acted within the scope of their employment, which bars her claim. (Am. Comp. ¶¶ 166); see also Shukla v. Deloitte Consulting LLP, 19-CV-10578 (AJN)(SDA), 2020 U.S. Dist. LEXIS 104555, at *35-36 (S.D.N.Y. June 15, 2020) (noting liability exists only if an employee acts outside the scope of employment).

G.    **Plaintiff's FLSA and NYLL Claims Must Be Dismissed Because Plaintiff Fails To Plead Overtime Violations.[7]**

To state a claim under the FLSA and NYLL, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Lundy v. Catholic Health Sys. of Long Island, Inc., 711 F.3d 106, 114 (2d Cir. 2013)); see also Liu v. Kueng Chan, No. 18-CV-05044 (KAM) (SJB), 2020 U.S. Dist. LEXIS 34969, at *12 (E.D.N.Y. Feb. 28, 2020) (the "New York Labor Law do[es] not diverge from the requirements of

---

[6] Plaintiff only asserts a negligent hiring, retention claim against ELC Beauty.  (Am. Comp. ¶¶ 171-186).
[7] Plaintiff's FLSA and NYLL claims are only asserted against ELC Beauty. (Am. Comp. ¶¶ 187-190).

the FLSA, and the pleading standards . . . apply equally to . . . NYLL state law claims.").

Here, Plaintiff fails to allege a plausible FLSA or NYLL claim. Plaintiff alleges only that she worked forty hours per week and "very often" arrived to work early. (Am. Comp. ¶¶ 112, 189). These are precisely the sort of conclusory allegations insufficient to withstand dismissal. See Smith v. Town of Patterson, No. 22-CV-313 (NSR), 2023 U.S. Dist. LEXIS 8023, at *8 (S.D.N.Y. Jan. 17, 2023) (dismissing overtime claims because plaintiff failed to approximate the number of overtime hours worked or wages due); Sanchez v. L'Oreal USA, Inc., No. 21-CV-3229 (VC), 2022 U.S. Dist. LEXIS 88733, at *8 (S.D.N.Y. May 17, 2022) (holding plaintiff failed to state a claim for unpaid overtime because plaintiff failed to plead even the most basic details about the hours or shifts worked). While a plaintiff is not required to keep careful records and plead their hours with mathematical precision, a plaintiff must "draw" upon their "memory and experience" to provide "sufficiently developed factual allegations." DeJesus v. HF Mgmt. Servs., 726 F.3d 85, 90 (2d Cir. 2013). Like the plaintiffs in Lundy and DeJesus, Plaintiff fails to allege sufficient facts giving rise to a failure to pay overtime claim and her "threadbare" allegations "supply nothing but low-octane fuel for speculation." DeJesus, 726 F.3d at 89; Lundy, 711 F.3d at 115.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request the Court issue an order granting their motion seeking to strike and dismiss Plaintiff's Amended Complaint in its entirety, with prejudice, and award such other and further relief as the Court deems just and proper.

Dated: New York, New York
        March 15, 2024

Respectfully Submitted,

JACKSON LEWIS P.C.

By: _____
Tania J. Mistretta
Cooper Binsky