was actually in the store preparing to open for the day because PLAINTIFF would be required to turn off the alarm upon arrival thus notifying ELC BEAUTY LLC and Defendant ESTÉE LAUDER COMPANIES, INC. that she was in the store.

123. ELC BEAUTY LLC and Defendant ESTÉE LAUDER COMPANIES, INC., never paid PLAINTIFF for her job performance during the times she arrived early to the store for which she would have been entitled to be paid as overtime.

124. Upon information and belief, the amount owed to PLAINTIFF is approximately $65,000.

### *PLAINTIFF issued 2nd Write-up "Final Warning"*

125. On August 2, 2022, PLAINTIFF was issued a second write-up, (See Exhibit 17) handed to her personally by Defs. JACOBS and MILLER together.

126. The August 2, 2022 write-up was issued as a "***Final Warning***" write-up, which meant that PLAINTIFF could be immediately terminated for any future infraction, no matter how minor.

127. Prominent in this write-up was an incident where PLAINTIFF spoke with the manager of the Frederic Malle store at Madison Avenue, NYC, during which PLAINTIFF allegedly discussed problems she was having with Def. ARTEAGA.

128. Def. JACOBS called this "*overreach*," and wrote up PLAINTIFF over the incident.

129. Def. JACOBS never questioned PLAINTIFF regarding the alleged conversation, before writing her up.

130. Previous to the final warning write-up, in June 2022, Def. JACOBS had chastised PLAINTIFF verbally over a coffee meeting PLAINTIFF had with Frederic Malle, the founder and creative director of the Frederic Malle brand of ELC BEAUTY LLC. Mr. Malle had requested that meeting.

131. At that meeting, PLAINTIFF was asked by Mr. Malle as to her professional opinion of Def. JACOBS. PLAINTIFF told him that her opinion of Def. JACOBS was negative.

132. Upon information and belief, having somehow heard of these negative comments about her, Def. JACOBS then rebuked PLAINTIFF for going to coffee with Mr. Malle, also calling it *"overreach."*

133. On August 2, 2022, when PLAINTIFF was served with the "final warning" write-up, PLAINTIFF told Defs. JACOBS and MILLER the allegations in both write-ups against her were false.

### *PLAINTIFF seeks separation from ELC*

134. On September 12, 2022, PLAINTIFF, through retained counsel, notified ELC BEAUTY LLC that due to the continued illegal harassment, hostile work environment which was allowed to exist at the store, as well as the illegal discrimination by her supervisors and the Human Resources Department, that she was prepared to sue the Company, unless a severance were agreed to, whereby she would no longer work for the Company. After protracted negotiations between counsel for ELC BEAUTY LLC and PLAINTIFF'S counsel, a settlement could not be reached.

135. Upon information and belief, thereafter, Def. ARTEAGA, accused PLAINTIFF that during a private phone conversation between PLAINTIFF and a friend, Def. ARTEAGA overheard PLAINTIFF speaking negatively of him. He reported his complaint to HR.

### *PLAINTIFF placed on administrative leave*

136. On October 25, 2022, PLAINTIFF was placed on paid administrative leave over her personal telephone call, while Defendant ELC BEAUTY LLC investigated the phone call incident further. The paid leave continued until November 12, 2022.

21

137. As part of its "*investigation*", Def. ELC BEAUTY LLC through Def. EUGENE, wished to interview PLAINTIFF regarding the allegations made by Def. ARTEAGA.

138. At no point did PLAINTIFF refuse to cooperate with the "investigation".

139. PLAINTIFF was advised that the purpose of the initial phone call was to discuss with PLAINTIFF her experiences while supervising Def. ARTEGA.

140. PLAINTIFF was under the false impression that the subject matter of the phone call was to discuss her experiences with Def. ARTEGA. However, during said interview, Def. EUGENE immediately began to question PLAINTIFF re: the allegations made by Def. ARTEAGA against her.

141. During the interview of PLAINTIFF, Def. EUGENE indicated to PLAINTIFF that she would understand if PLAINTIFF wished to stop the interview and continue with her attorney present, since PLAINTIFF was being asked questions specifically relating to allegations made by Def. ARTEAGA.

142. At that point, PLAINTIFF informed Def. EUGENE that she in fact would prefer to continue the interview with her attorney present, and the interview ended.

143. In retaliation for PLAINTIFF's efforts to retain an attorney to file a complaint about the extreme discriminatory treatment she was experiencing at the workplace, and to resolve the problem in an amicable manner, ELC BEAUTY LLC and Defendant ESTÉE LAUDER COMPANIES, INC. placed PLAINTIFF on leave in preparation for her wrongful termination.

**PLAINTIFF is terminated by** ELC BEAUTY LLC *and Defendant ESTÉE LAUDER COMPANIES, INC.*

144. On November 14, 2022, Def. ELC BEAUTY LLC and Defendant ESTÉE LAUDER COMPANIES, INC. terminated PLAINTIFF "*...due to your inability to meet company standards.*" (See Exhibit 18)

145. However, Defendants' explanation in their current motion to dismiss asserts that in fact PLAINTIFF was terminated "*because Arteaga filed a third complaint regarding Plaintiff's misconduct, and she refused to cooperate with the investigation*" (See Defendant Memorandum of Law page 22 First ¶.)

146. As asserted above, the complaints made by Def. ARTEAGA against PLAINTIFF were all totally false and moreover, at no point did PLAINTIFF "*refuse to cooperate with the investigation*".

147. As stated above, PLAINTIFF did cooperate with "the investigation" when she first spoke by phone with Def. EUGENE. It was only after Def. EUGENE suggested to PLAINTIFF that she may want to proceed with her Attorney present, that PLAINTIFF in fact chose to end the interview and return at a later date with her Attorney.

148. When Plaintiff, through her Counsel, communicated to Defendants ELC BEAUTY LLC and Defendant ESTÉE LAUDER COMPANIES, INC. that she was willing to continue her interview with her attorney present, she was told that said arrangements would not be permitted. Thereafter, PLAINTIFF would not appear without her attorney.

149. Clearly the explanation propounded in Defendants' Memorandum of Law is nothing more than a futile attempt by Defendants to conceal the illegal and discriminatory reason for terminating PLAINTIFF.

## FIRST CAUSE OF ACTION

23

## FOR HOSTILE WORK ENVIRONMENT DISCRIMINATION BASED ON RACE, AGE AND GENDER ORIENTATION UNDER NEW YORK CITY HUMAN RIGHTS LAW §8-101 AND NEW YORK STATE HUMAN RIGHTS LAW §290 et Seq

150. PLAINTIFF reiterates and incorporates the allegations of paragraphs 1 through 149 above with the same effect as if set forth fully herein.

151. PLAINTIFF as a white Cis-gendered, heterosexual female over 40 years of age is a member of a protected class under the U.S. Equal Employment Opportunity Commission.

152. PLAINTIFF was clearly qualified to hold her position as Manager of the Frederic Malle Editions de Parfums boutiques store as indicated by her performance evaluations (See Exhibit 15)

153. As described in detail above, PLAINTIFF was clearly treated differently than other employees, i.e. instructed to adhere to certain rules when addressing Def. ARTEAGA such as not allowing her to compliment ARTEAGA and to address him with certain pronouns and prohibiting PLAINTIFF from enforcing companywide rules regarding attire and nail polish use. None of those rules were implemented companywide, but rather specifically targeted PLAINTIFF and her ability to supervise Def. ARTEAGA.

154. As clearly established above, but for PLAINTIFF's race, age and sexual orientation ELC BEAUTY LLC and Defendant ESTÉE LAUDER COMPANIES, INC. would not have trampled on PLAINTIFF's legally protected rights.

155. The standard for establishing a hostile work environment under New York City Human Rights Law and New York State HRL is essentially the same in that PLAINTIFF must plead facts that would tend to show that the complained of conduct: (1) is objectively severe or pervasive - that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the PLAINTIFF subjectively perceived

as hostile or abusive; and (3) creates such an environment because of the PLAINTIFF's protected characteristic, to wit her race, age and gender identity.

156. Here, PLAINTIFF, on account of Def. ELC BEAUTY LLC and Defendant ESTÉE LAUDER COMPANIES, INC. and its high level supervisors including but not limited to the individually named Defendants JACOBS, MILLER and EUGENE's efforts to appease and capitalize on the racially, youth-oriented and gender-identity movement as detailed above, created and allowed to exist, a hostile work environment which was clearly objectively severe, which PLAINTIFF obviously perceived as severely hostile and abusive and therefore discriminated against PLAINTIFF, a white, cisgender, heterosexual 70 year old female by singling her out by imposing upon her, rules, protocols and behavior which were not companywide, but rather specifically applied to and targeted at PLAINTIFF.

157. That Def. ELC BEAUTY LLC and Defendant ESTÉE LAUDER COMPANIES, INC. through its high level employees, Defendants JACOBS, MILLER and EUGENE, in order to both maximize profits from the newly adopted inclusivity protocols and to quash any potential boycotts and protests, willfully undermined PLAINTIFF's authority to write up or in any way discipline Def. ARTEAGA, thereby humiliating, harassing and embarrassing PLAINTIFF in front of her subordinates including Def. ARTEAGA and Trujillo. Even with the well documented misconduct of Def. ARTEAGA, i.e. his repeated lateness, his flagrant violations of dress code (wrinkled shirts and use of nail polish) ELC BEAUTY LLC and Defendant ESTÉE LAUDER COMPANIES, INC. through its high level employees, Defendants JACOBS, MILLER and EUGENE refused to enforce the company wide rules as to DEF. ARTEAGA but did not hesitate to arbitrarily write up and discipline PLAINTIFF solely for discriminatory reasons.

25

158. That Def. ELC BEAUTY LLC and Defendant ESTÉE LAUDER COMPANIES, INC. through its high level employees, Defendants JACOBS, MILLER and EUGENE, discriminated against PLAINTIFF based on her race, gender orientation and age by failing to adhere to existing corporate rules and etiquette as required and improperly reprimanded PLAINTIFF when she attempted to properly supervise and discipline her subordinate, Def. ARTEAGA, who is a male Hispanic, who also identified strongly with BLM and LGBTQ community causes.

159. As a result of def. ELC BEAUTY LLC's and Defendant ESTÉE LAUDER COMPANIES, INC. corporate driven interests in profiting from its now wider net of social inclusivity, including but not limited to its newly focused overlapping intersectional youth-oriented and gender-identity marketing opportunities, it permitted a hostile work environment to envelope PLAINTIFF's employment by enabling the continued campaign to humiliate PLAINTIFF with diminished status as a supervisor, false accusations of misconduct and finally forcing her to retain counsel in an effort to sever her employment with def. ELC BEAUTY LLC and Defendant ESTÉE LAUDER COMPANIES, INC.

160. That the subsequent conduct and behavior of the named defendants supervisors JACOBS, MILLER and EUGENE as set forth by PLAINTIFF in her timeline above, clearly demonstrate that she both subjectively perceived a hostile work environment and that such an environment was indeed, at the outset, an objective product of reverse racial, youth-oriented and gender-identity discrimination against her as a result of her attempted supervisory actions against Def. ARTEAGA as described above. Said reverse racial, youth-oriented and gender-identity policies applied to PLAINTIFF and sustained and operationalized by the defendants over the balance of PLAINTIFF employment due to

the newly adopted protocols of social inclusivity resulted in invidious and unlawful discrimination of an ambitious qualified white, cisgender, heterosexual, 70 year old woman, PLAINTIFF.

161. That Defendants' JACOBS, MILLER and EUGENE negative references and false disciplinary write ups against PLAINTIFF were motivated by discriminatory animus and corporate institutional bias and were otherwise retaliatory in nature.

162. That from September 2021 (when Def. ARTEAGA was hired) until PLAINTIFF'S termination on November 14, 2022, PLAINTIFF had been systematically and consistently subjected to discrimination in her employment because of her race, gender-identity and age.

163. That Def. ELC BEAUTY LLC. and Defendant ESTÉE LAUDER COMPANIES, INC., choosing profits over people implemented newly adopted social inclusivity protocols in a haphazard and selective manner inconsistent with and against PLAINTIFF's employment and human rights.

164. That Defendants ELC BEAUTY LLC., ESTÉE LAUDER COMPANIES, INC. JACOBS, MILLER and EUGENE failed to implement newly adopted social inclusivity protocols in a uniform and consistent manner in conformity with applicable employment and human rights laws and thereby failed to promote the very diversity and inclusive values they had sought to implement and thus further both actively and passively encouraged reverse racial, youth-oriented and gender-identity discrimination against white, cisgender, heterosexual, aged employees and in particular PLAINTIFF, who became a victim of said defendants' selective and systemic discrimination, hostile work environment, harassment, retaliation and wrongful termination, among other NYSHRL and NYCHRL violations.

165. That Defendant ARTEAGA discriminated against PLAINTIFF and created a hostile work environment, by making false allegations against PLAINTIFF as described above as well as leaving a copy of the book entitled "*How to be an Anti-racist*," (see ¶ 87), wherein the author encourages discrimination by writing that *"The only remedy to past discrimination is present discrimination. The only remedy to present discrimination is future discrimination."*

166. That Def. ARTEAGA's deliberate acts against PLAINTIFF created a hostile work environment in which PLAINTIFF was forced to endure ridicule, harassment and outright discrimination at the hands of Def. ARTEAGA.

167. That by Def. ARTEAGA's direct personal actions as described above, he aided and abetted the discrimination and retaliation against PLAINTIFF by Defs. ELC BEAUTY LLC, ESTÉE LAUDER COMPANIES, INC. JACOBS, MILLER and EUGENE.

168. That Def. ARTEAGA, through his actions, i.e. accusing PLAINTIFF of being a racist, repeatedly filing false accusations through H.R against PLAINTIFF, encouraged, condoned and approved of the discriminatory actions taken by Defendants Defs. ELC BEAUTY LLC, ESTÉE LAUDER COMPANIES, INC. JACOBS, MILLER and EUGENE.

169. That but for Def. ARTEAGA's racially and gender motivated attacks against PLAINTIFF, Defendants. ELC BEAUTY LLC, ESTÉE LAUDER COMPANIES, INC. JACOBS, MILLER and EUGENE would not have subjected PLAINTIFF to their discriminatory illegal retaliatory actions i.e. false write-ups, singling PLAINTIFF out to adhere to new unwritten rules that were not implemented company wide, all of which were encouraged, condoned and approved by Def. ARTEAGA .

170. That the deliberate acts of the named defendants subjected PLAINTIFF to inferior terms, conditions and privileges of her employment, i.e. being instructed to adhere to certain rules that singled her out, (use of pronouns), being prevented from performing her supervisory responsibilities as to Def. ARTEAGA, being falsely accused of misconduct, because of her membership in a protected category, i.e. white, 70 year old cisgender heterosexual female.

171. That such discrimination caused PLAINTIFF damages in an amount in excess of the jurisdiction of every other court in which this action might be maintained.

**WHEREFORE** PLAINTIFF demands judgment against the defendants for an amount in excess of the jurisdiction of every other court in which this action might be maintained.

## SECOND CAUSE OF ACTION
## FOR VIOLATIONS OF 42 U.S.C. §1981

172. PLAINTIFF reiterates and incorporates the allegations of paragraphs 1 through 171 above with the same effect as if set forth fully herein.

173. PLAINTIFF as a white Cis-gendered, heterosexual female over 40 years of age is a member of a protected class under the U.S. Equal Employment Opportunity Commission.

174. PLAINTIFF was clearly qualified to hold her position as Manager of the Frederic Malle Editions de Parfums boutiques store as indicated by her performance evaluations (See Exhibit 15)

175. As described in detail above, PLAINTIFF was clearly treated differently than other employees, i.e. instructed to adhere to certain rules when addressing Def. ARTEAGA such as not allowing her to compliment ARTEAGA and to address him with certain pronouns and prohibiting PLAINTIFF from enforcing companywide rules regarding

29

attire and nail polish use. None of those rules were implemented companywide, but rather specifically targeted PLAINTIFF and her ability to supervise Def. ARTEAGA.

176. As clearly established above, but for PLAINTIFF's race, age and sexual orientation Defs. ELC BEAUTY LLC, ESTÉE LAUDER COMPANIES, INC., JACOBS, MILLER, EUGENE and ARTEAGA, would not have trampled on PLAINTIFF's legally protected rights.

177. Each named Defendant, ELC BEAUTY LLC, ESTÉE LAUDER COMPANIES, INC., JACOBS, MILLER, EUGENE and ARTEAGA racially discriminated against PLAINTIFF, in violation of the rights of PLAINTIFF and the class afforded her by the Civil Rights Act 1866, *42 U.S.C.§ 1981*, as amended by the Civil Rights Act of 1991.

178. By the conduct described above, each Defendant ELC BEAUTY LLC, JACOBS, ESTÉE LAUDER COMPANIES, INC. MILLER, EUGENE and ARTEAGA intentionally deprived PLAINTIFF, a White female, of the same rights as are enjoyed by Black citizens to the creation, performance, enjoyment, and all benefits and privileges, of her contractual employment relationship with Defendant ELC BEAUTY LLC and ESTÉE LAUDER COMPANIES, INC. in violation of *42 U.S.C. § 1981*.

179. ELC BEAUTY LLC and ESTÉE LAUDER COMPANIES, INC. discriminated against PLAINTIFF as described above, including but not limited to privileging racially discriminating conduct against her, harassing her, subjecting her and actively enabling a hostile work environment, and wrongfully terminating her.

180. As a direct and proximate result of Defendants ELC BEAUTY LLC, ESTÉE LAUDER COMPANIES, INC., JACOBS, MILLER, EUGENE and ARTEAGA unlawful racially discriminatory conduct in violation of Section 1981, PLAINTIFF has suffered and continues to suffer severe mental anguish and emotional distress, including, but not

limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

181. That but for PLAINTIFF's race and sexual orientation, PLAINTIFF would not have suffered the loss of her legally protected rights.

182. That all of the described adverse actions taken by the named defendants against PLAINTIFF occurred under circumstances giving rise to an inference of discrimination against PLAINTIFF.

183. Defendants' unlawful racially discriminatory conduct constitutes a willful and wanton violation of Section 1981, was outrageous and malicious, was intended to injure PLAINTIFF, and was done with conscious disregard of PLAINTIFF's civil rights, entitling PLAINTIFF to an award of punitive damages.

PLAINTIFF requests the Court award her the relief prayed for below.

**WHEREFORE**, the PLAINTIFF demands judgment against each Defendant for all compensatory, emotional, psychological and punitive damages, lost compensation, front pay, back pay, liquidated damage, injunctive relief, and any other damages permitted by law pursuant to the above referenced cause of action. It is respectfully requested that the Court grant the PLAINTIFFs any other relief to which she is entitled, including but not limited to:

1. Awarding reasonable attorneys' fees and the costs and disbursements of this action;
2. Granting such other and further relief that to the Court deems just and proper.

### THIRD CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### AS AGAINST DEFENDANTS LUSINE JACOBS, NOE ARTEAGA and ANGELINA MILLER and JENNE EUGENE

31

184. PLAINTIFF reiterates and incorporates the allegations of paragraphs 1 through 183 above with the same effect as if set forth fully herein.

185. Defendants JACOBS, MILLER, EUGENE and ARTEAGA had a duty to promote an employment atmosphere that preserved employees and mental safety including PLAINTIFF. By failing to follow ELC BEAUTY LLC's rules and protocols JACOBS, MILLER, EUGENE and ARTEAGA created a work environment where PLAINTIFF's mental and physical well-being was endangered.

186. In committing the acts described above, defendants JACOBS, MILLER, EUGENE and ARTEAGA acted negligently and/or recklessly in deliberate disregard of the high degree of probability of the emotional distress that PLAINTIFF would suffer.

187. The conduct of defendants JACOBS, MILLER, EUGENE and ARTEAGA was so outrageous and extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

188. At all relevant times Defendants JACOBS, MILLER, EUGENE and ARTEAGA were employees or agents of def. ELC BEAUTY LLC, acting within the scope of their employment or agency. As such, def. ELC BEAUTY LLC, is vicariously liable for the torts committed by Defendants JACOBS, MILLER, EUGENE and ARTEAGA under the doctrine of respondeat superior.

189. In addition, def. ELC BEAUTY LLC, is directly liable based on its own reckless, extreme, and outrageous conduct by allowing its employees JACOBS, MILLER, EUGENE and ARTEAGA to continually discriminate against PLAINTIFF based on her race, gender-identity and age, retaliate against PLAINTIFF and harass PLAINTIFF. Said misconduct was so shocking and outrageous that it exceeds the reasonable bounds of

decency as measured by what the average member of the community would tolerate and demonstrates an utter disregard by them of the consequences that would follow.

190. ELC BEAUTY LLC, knew or should have known that the foregoing negligent, reckless, extreme, and outrageous conduct by Defendants JACOBS, MILLER, EUGENE and ARTEAGA would inflict severe emotional and psychological distress, including personal physical injury, on others, and PLAINTIFF did in fact suffer severe emotional and psychological distress and personal physical injury as a result, including severe mental anguish, humiliation and emotional and physical distress.

191. ELC BEAUTY LLC's conduct was intentional and outrageous as it pertains to the oversight, knowledge and/or acquiescence of the reverse racial, youth-oriented, gender-identity discrimination of PLAINTIFF at the hands of defendants JACOBS, MILLER, EUGENE and ARTEAGA

192. As a direct and proximate result of the intentional, and outrageous actions of all Defendants, PLAINTIFF suffered and will continue to suffer physically, emotionally, and otherwise.

**WHEREFORE**, PLAINTIFF demand judgment against defendants ELC BEAUTY LLC, LUSINE JACOBS, NOE ARTEAGA, ANGELINA MILLER and JENNE EUGENE for damages in an amount sufficient to compensate her for her compensatory damages, for both physical and emotional pain and suffering, for punitive damage, for costs of suit, attorney fees and for such other relief as the Court finds equitable and just.

### FOURTH CAUSE OF ACTION
### NEGLIGENT HIRING/RETENTION AND SUPERVISION AS AGAINST DEF. ELC BEAUTY LLC

193. PLAINTIFF reiterates and incorporates the allegations of paragraphs 1 through 192 above with the same effect as if set forth fully herein.

194. The defendant, ELC BEAUTY LLC, was negligent, careless, and reckless in the supervision, hiring and retention of its employees, including all individually named defendants, of hiring employees ill-equipped to perform their respective jobs without violating other employees' civil rights including PLAINTIFF's. In allowing its employees, including all the individually named defendants to create a hostile work environment and in the negligent, careless and reckless manner in which def. ELC BEAUTY LLC, hired, trained, supervised, controlled, managed, maintained and retained its employees, including all the individually named defendants, resulting in the severe and serious injury of PLAINTIFF.

195. PLAINTIFF and Defendants JACOBS, MILLER, EUGENE and ARTEAGA during the time periods in question, were all employees of Defendant ELC BEAUTY LLC.

196. Def. ELC BEAUTY LLC, knew or should have known Defendants JACOBS, MILLER, EUGENE's propensity to behave in the manner which they did towards PLAINTIFF i.e. falsely accuse her of misconduct, subjecting her to arbitrary rules of conduct (prohibiting her from complimenting ARTEAGA and ordering her to only use certain pronouns when addressing ARTEAGA).

197. All of the acts against PLAINTIFF taken by Def. JACOBS, MILLER and EUGENE were committed during work hours and on Def. ELC BEAUTY LLC, premises (the boutique store in Greenwich Village, NYC)

198. Def. ELC BEAUTY LLC, knew or should have known Def. ARTEAGA's propensity to behave in the manner in which he behaved towards PLAINTIFF. Def. ARTEAGA, falsely accused PLAINTIFF of being racist (left book entitled "How to be an Anti-

34

Racist" on PLAINTIFF's desk. Def. ARTEAGA complained to HR regarding PLAINTIFF's compliments and her calling him by certain pronouns.

199. All of the acts against PLAINTIFF taken by Def. ARTEAGA were committed during work hours and on Def. ELC BEAUTY LLC, premises (the boutique store in Greenwich Village, NYC)

200. Notwithstanding PLAINTIFF's repeated reports of misconduct to HR against Def. ARTEAGA, (including but not limited to his excessive lateness, his continued violations of company rules re: dress code, nail polish use, disruptive behavior in the store) Def. ELC BEAUTY LLC

201. That at all times herein above mentioned, defendant ELC BEAUTY LLC by its agents, servants and/or employees carelessly, negligently, and recklessly hired Defs. JACOBS, MILLER, EUGENE and ARTEAGA

202. That at all times herein above mentioned, defendant ELC BEAUTY LLC by its agents, servants and/or employees carelessly, negligently, and recklessly trained its employees including Defs. JACOBS, MILLER, EUGENE and ARTEAGA.

203. That at all times herein above mentioned, defendant ELC BEAUTY LLC by its agents, servants and/or employees, failed to investigate prospective employees including Defs. JACOBS, MILLER, EUGENE and ARTEAGA which would have alerted a reasonably prudent person to investigate said prospective employees.

204. That at all times herein above mentioned, defendants ELC BEAUTY LLC by its agents, servants and/or employees carelessly, negligently, and recklessly supervised, controlled, managed, maintained, and inspected the activities of its employees including Defs. JACOBS, MILLER, EUGENE and ARTEAGA.

205. That at all times herein above mentioned, defendant ELC BEAUTY LLC. by its agents, servants and/or employees caused, permitted and allowed its employees including Defs. JACOBS, MILLER, EUGENE and ARTEAGA to act in an unprofessional, negligent and/or deliberate manner in carrying out their duties and/or responsibilities.

206. That at all times herein above mentioned, defendant ELC BEAUTY LLC. by its agents, servants and/or employees including Defs. JACOBS, MILLER, EUGENE and ARTEAGA, carelessly, negligently and recklessly retained in its employ, employees clearly unfit for the position who acted in an unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities prior to and including on the dates complained of herein.

207. That the occurrence and damages sustained by PLAINTIFF, were caused solely by, and as a result of the malicious, reckless negligent and/or intentional conduct of defendant ELC BEAUTY LLC., its agents, servants and/or employees as set forth above, without any fault on the part of PLAINTIFF contributing thereto, specifically, the negligent and reckless manner in which said defendant ELC BEAUTY LLC. hired, trained, supervised, controlled, managed, maintained, inspected and retained its employees, including Defs. JACOBS, MILLER, EUGENE and ARTEAGA.

208. As a direct and proximate result of the negligent, and outrageous actions of Def. ELC BEAUTY LLC, PLAINTIFF suffered and will continue to suffer physically, emotionally, and otherwise.

**WHEREFORE**, PLAINTIFF demand judgment against defendants ELC BEAUTY LLC, LUSINE JACOBS, NOE ARTEAGA, ANGELINA MILLER and JENNE EUGENE for damages in an amount sufficient to compensate her for her compensatory damages, for

both physical and emotional pain and suffering, for punitive damage, for costs of suit, attorney fees and for such other relief as the Court finds equitable and just.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT OF 1938 (29 U.S. CODE § 206 – 2016)(FLSA), THE NEW YORK LABOR LAW (ARTICLE 19, NYLL § 650 ET AL.)(NYLL)

209. PLAINTIFF reiterates and incorporates the allegations of paragraphs 1 through 208 above with the same effect as if set forth fully herein.

210. At all times herein, PLAINTIFF was employed by Def. ELC BEAUTY LLC and ESTÉE LAUDER COMPANIES, INC.;

211. During her 3 ½ years of employment with Def. ELC BEAUTY LLC., and ESTÉE LAUDER COMPANIES, INC. PLAINTIFF worked forty (40) hours per week. However, she would regularly arrive well before her start time to perform various work tasks before the store opened to the public. PLAINTIFF was not permitted to clock in before her scheduled start time. Upon information and belief, ELC BEAUTY LLC was aware that PLAINTIFF was actually in the store preparing to open for the day because PLAINTIFF would be required to turn off the alarm upon arrival thus notifying ELC BEAUTY LLC that she was in the store.

212. Defendants ELC BEAUTY LLC and ESTÉE LAUDER COMPANIES, INC., were aware that PLAINTIFF was repeatedly, over a period of several years, arriving before her official start time at the Greenwich Village store and working, while she was not allowed to clock in. ELC BEAUTY LLC knowingly, and in violation of Federal and State Law, refused to compensate PLAINTIFF at the overtime rate of time and a half as required by the Federal and State statutes.

213. Upon information and belief, over her 3 ½ years of employment with Defendants ELC BEAUTY LLC and ESTÉE LAUDER COMPANIES, INC., PLAINTIFF worked approximately 1000 hours of overtime without received proper compensation.

**WHEREFORE**, PLAINTIFF demand judgment against defendant ELC BEAUTY LLC, and ESTÉE LAUDER COMPANIES, INC., for damages in an amount sufficient to compensate her for her compensatory damages, for both physical and emotional pain and suffering, for punitive damage, for costs of suit, attorney fees and for such other relief as the Court finds equitable and just.

## SIXTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF 42 U.S.C. §1981

214. PLAINTIFF reiterates and incorporates the allegations of paragraphs 1 through 213 above with the same effect as if set forth fully herein.

215. Defendants ELC BEAUTY LLC and ELC BEAUTY LLC and ESTÉE LAUDER COMPANIES, INC., have violated §1981 by subjecting PLAINTIFF to retaliation for her protected activity, i.e. filing complaints and oppositions to the Defs. JACOBS, MILLER, EUGENE and ARTEAGA's discriminatory treatment on the basis of race and sexual orientation, by, inter alia, terminating PLAINTIFF's employment with the Companies.

216. PLAINTIFF was asserting her protected activity of complaining to Def. ELC BEAUTY LLC, of the discriminatory manner, based on her race, sexual orientation and age, by which all named Defendants had treated her since the hiring of Def. ARTEAGA.

217. That but for PLAINTIFF's protected activity as described above, Defendant ELC BEAUTY LLC, would not have retaliated against her in violation of Sect. 1981.

218. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of § 1981, PLAINTIFF has suffered and continues to suffer monetary and/or economic

damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

219. As a direct and proximate result of ELC BEAUTY LLC unlawful retaliatory conduct in violation of § 1981, PLAINTIFF has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

220. ELC BEAUTY LLCs ELC BEAUTY LLC and ESTÉE LAUDER COMPANIES, INC., unlawful retaliatory conduct constitutes a willful and wanton violation of §1981, was outrageous and malicious, was intended to injure PLAINTIFF, and was done with conscious disregard of PLAINTIFF's civil rights, entitling PLAINTIFF to an award of punitive damages.

**WHEREFORE**, PLAINTIFF demand judgment against all defendants, for damages in an amount sufficient to compensate her for her compensatory damages, for both physical and emotional pain and suffering, for punitive damage, for costs of suit, attorney fees and for such other relief as the Court finds equitable and just.

Dated: New York, NY
April 5, 2024

Yours, etc.

Hugo Ortega
Tanner and Ortega LLP
*Attorney for PLAINTIFF*
299 Broadway – 17th Floor
New York, NY 10007