UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THERESA SPIEGEL,

                              Plaintiff,

          -against-

ESTÉE LAUDER INC., ESTÉE LAUDER COMPANIES,
INC., ELC BEAUTY LLC, ESTÉE LAUDER
INTERNATIONAL INC., LUSINE JACOBS, NOÉ
ARTEAGA, ANGELINA MILLER and JENNE EUGENE,

                              Defendant(s).

Case No.: 23-CV-11209
(DLC) (OTW)

<br>

## <u>DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO STRIKE AND DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT</u>

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York, 10017
(212) 545-4000

Attorneys of record:
Tania J. Mistretta
Cooper Binsky

*Attorneys for Defendants*
  *Estée Lauder Inc., Estée Lauder*
  *Companies, Inc., ELC Beauty LLC,*
  *Estée Lauder International Inc.,*
  *Lusine Jacobs, Noé Arteaga,*
  *Angelina Miller and Jenne Eugene*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ i

PRELIMINARY STATEMENT ........................................................................................ 1

SUPPLEMENTAL STATEMENT OF FACTS ON REPLY........................................... 1

POINT I: THE COURT SHOULD GRANT DEFENDANTS' MOTION TO STRIKE
PARAGRAPH 28 AND EXHIBITS 1-5 ......................................................................... 2

POINT II: PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM............................ 4

    A.    The Non-Employing ELC Defendants Must Be Dismissed. .................................. 4

    B.    Arteaga Must Be Dismissed.................................................................................. 4

    C.    The SAC Does Not State a Discrimination or Hostile Work
    Environment Claim Under Section 1981, the NYSHRL or NYCHRL ................. 5

    D.    Plaintiff's Section 1981 Retaliation Claim Fails ................................................. 6

    E.    The SAC Fails to State a Tort Claims Against Defendants................................... 8

    F.    Plaintiff's FLSA and NYLL Claims Must Be Dismissed...................................... 9

CONCLUSION............................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Alvarado v. Mount Pleasant Cottage Sch. Dist.,
  404 F. Supp. 3d 763 (S.D.N.Y. 2019)........................................................................8

Ambac Assur. Corp. v. EMC Mortg. Corp.,
  No. 08-CV-9464 (RMB)(MHD), 2009 U.S. Dist. LEXIS 26456
  (S.D.N.Y. Mar. 16, 2009) ....................................................................................3, 4

Back v. Bank Hapoalim, B.M.,
  No. 23-CV-02040 (ER), 2024 U.S. Dist. LEXIS 50426
  (S.D.N.Y. Mar. 21, 2024) ........................................................................................5

Black Lives Matter v. Town of Clarkstown,
  354 F. Supp. 3d 313 (S.D.N.Y. 2018)........................................................................8

Concepcion v. City of New York,
  No. 05-CV-8501(RJS), 2008 U.S. Dist. LEXIS 91554
  (S.D.N.Y. May 7, 2008)............................................................................................4

Crosby v. Stew Leonard's Yonkers LLC,
  No. 22-CV-4907 (KMK), 2023 U.S. Dist. LEXIS 174166
  (S.D.N.Y. Sep. 28, 2023) ..........................................................................................3

Dawson v. City of Mount Vernon,
  No. 18-CV-1044 2023 U.S. Dist. LEXIS 197954
  (S.D.N.Y. Nov. 2, 2023) ...........................................................................................9

Gittens v. Winthrop Hospitalist Assocs., P.C.,
  No. 19-CV-5070 (LDH)(LB), 2022 U.S. Dist. LEXIS 29795
  (E.D.N.Y. Feb. 18, 2022)..........................................................................................7

Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.,
  716 F.3d 10 (2d Cir. 2013)........................................................................................7

Lojewski v. Group Solar USA, LLC,
  No. 22-CV-10816 (PAE), 2023 U.S. Dist. LEXIS 227806
  (S.D.N.Y. Dec. 21, 2023)..........................................................................................9

Maraschiello v. City of Buffalo Police Dep't,
  709 F.3d 87 (2d Cir. 2013)........................................................................................5

Maria v. El Mambi Rest. Corp.,
  No. 20-CV-3707 (JPO), 2021 U.S. Dist. LEXIS 107416
  (S.D.N.Y. June 8, 2021)............................................................................................9

Mendoza v. Cornell Univ.,
    No. 20-CV-02110 (MKV), 2021 U.S. Dist. LEXIS 44937
    (S.D.N.Y. Mar. 10, 2021) ...........................................................................................10

Mokrov v. Aeroflot Russian Airlines,
    No. 20-CV-588 (GBD), 2021 U.S. Dist. LEXIS 112066
    (S.D.N.Y. June 15, 2021) ...........................................................................................10

Moore v. Montefiore Med. Ctr.,
    No. 22-CV-10242 (ER), 2023 U.S. Dist. LEXIS 197715
    (S.D.N.Y. Nov. 3, 2023) ..............................................................................................2

Morren v. N.Y. Univ.,
    No. 20-CV-10802 (JPO) (OTW), 2022 U.S. Dist. LEXIS 94266
    (S.D.N.Y. Apr. 29, 2022) ..............................................................................................8

Moultrie v. NYS Dep't of Corr. & Cmty. Supervision,
    No. 13-CV-5138 (NSR), 2015 U.S. Dist. LEXIS 60080
    (S.D.N.Y. May 7, 2015) ................................................................................................6

Nakahata v. NY-Presbyterian Healthcare Sys., Inc.,
    723 F.3d 192 (2d Cir. 2013) .........................................................................................9

Ogleton v. City of NY,
    No. 21-CV-6889 (PGG) (OTW), 2023 U.S. Dist. LEXIS 57109
    (S.D.N.Y. Mar. 31, 2023) ...........................................................................................10

Parker v. Workmen's Circle Ctr. of the Bronx, Inc.,
    No. 14-CV-5327 (LTS), 2015 U.S. Dist. LEXIS 131205
    (S.D.N.Y. Sep. 29, 2015) ..............................................................................................8

Patel v. City of New York,
    699 F. App'x 67 (2d Cir. 2017) ....................................................................................7

Romano v. A360 Media, LLC,
    No. 20-CV-08988 (LTS) (OTW), 2023 U.S. Dist. LEXIS 10355
    (S.D.N.Y. Jan. 20, 2023) ..............................................................................................7

Smith v. Town of Patterson,
    No. 22-CV-313 (NSR), 2023 U.S. Dist. LEXIS 8023
    (S.D.N.Y. Jan. 17, 2023) ............................................................................................10

Torres v. City of NY,
    No. 18-CV-3644 (LGS), 2019 U.S. Dist. LEXIS 68168
    (S.D.N.Y. Apr. 22, 2019) ..............................................................................................5

Veras v. N.Y.C. Dept. of Educ.,
    No. 22-CV-00056 (JLR)(SN), 2023 U.S. Dist. LEXIS 4593
    (S.D.N.Y. Jan. 10, 2023)............................................................................................8

**Statutes**

N.Y. Exec. Law § 296(1)(a).........................................................................................3

N.Y.C. Admin. Code 8-102 .........................................................................................3

N.Y.C. Admin. Code 8-107(1)(a)(3) ............................................................................3

## PRELIMINARY STATEMENT

Defendants submit this reply memorandum of law in further support of their motion to strike and dismiss pursuant to FRCP 12(b)(6) and 12(f).  Plaintiff has been on notice of the deficiencies in her Complaint since February 23, 2024.  Following Defendants' motion to dismiss, Plaintiff amended as a matter of right on March 8, 2024.  Still failing to cure the pleading deficiencies, Defendants sought dismissal a second time on March 15, 2024.  Now, Plaintiff purports to file a Second Amended Complaint ("SAC"), still incredibly falling short of satisfying the applicable pleading standards.  Indeed, Plaintiff goes so far to concede the First Amended Complaint fails satisfy the applicable pleading standard, and so the sole question before this Court on Defendants' motion to dismiss is whether the few supplemental allegations Plaintiff adds to the SAC are sufficient to cure the pleading defects – which as set forth below, they are conclusively not.  The remainder of Plaintiff's arguments on opposition are simply "dog whistle" discrimination underlining the frivolous nature of her claims.  The entirety of Plaintiff's theory of this case is that because she was accused of subjecting others to discrimination that she was subjected to discrimination.  There are zero facts plead to support this claim, and there is no legal ground for her to stand upon. Accordingly, the Court should grant Defendants' motion to strike and dismiss.

## SUPPLEMENTAL STATEMENT OF FACTS ON REPLY

While Plaintiff purports to make her claims in the SAC more plausible, the SAC contains limited substantive changes to her claims and continues to fall short.  In particular, the SAC asserts the following new allegations: (1) inclusion of Estée Lauder Companies Inc. ("EL Companies") in several paragraphs which previously referenced only ELC Beauty and allegations EL Companies employed Plaintiff; (2) ELC Beauty's DEI measures adversely impacted Plaintiff's working conditions; (3) Jacobs referred to Arteaga as "he" once in Arteaga's evaluation and in

Plaintiff's final warning; (4) Plaintiff was extremely offended by Arteaga placing a book on her desk because she felt Arteaga was communicating to her that Arteaga believed she was discriminating against them; (5) Plaintiff threatened she would sue the Company; (6) Plaintiff denies refusing to cooperate with ELC Beauty's investigation and only refused to continue without her attorney present; and (7) Plaintiff worked 1,000 hours of overtime over 3.5 years, and is owed $65,000.  (SAC ¶¶ 17-23, 29-31, 82-85, 97, 124, 134, 138-140, 145-149, 213).  The remainder of the SAC is otherwise unchanged. Even accepting all of these allegations as true, the SAC fails to state claim, and warrants dismissal of Plaintiff's claims in their entirety, and with prejudice.

## POINT I:  THE COURT SHOULD STRIKE PARAGRAPH 28[1] AND EXHIBITS 1-5

Plaintiff's Opposition to Defendants' Motion ("Opp." or "Opposition") only reinforces Defendants' position the Offending Allegations must be stricken by conceding they are designed to prejudice Defendants and failing to address Defendants' argument they are inadmissible. (Opp. at 9 and generally). As such, Plaintiff concedes these two points, and the sole remaining issue on Defendants' motion to strike is whether the allegations have bearing on the relevant issues.  See Moore v. Montefiore Med. Ctr., No. 22-CV-10242 (ER), 2023 U.S. Dist. LEXIS 197715, at *16 (S.D.N.Y. Nov. 3, 2023) (holding claim abandoned when plaintiff's opposition did not address defendant's arguments).  As set forth below, they clearly do not.

In essence, Plaintiff's theory is that Paragraph 28 containing the Offending Allegations and Exhibits 1-5 provide "essential context" without which the SAC fails to satisfy the pleading standard. (Opp. p. 8). The "context" alleged is influences on ELC Beauty by the Black Lives Matter movement, enabling "bias" in favor of individuals with so-called "activist ideologies" against those, like Plaintiff, who do not share such views. (Opp. p. 9).  To be clear – and contrary

---

[1] Formerly Paragraph 26 of the FAC.

to Plaintiff's arguments on Opposition – the SAC is silent as to any employees, including Arteaga, with "activist ideologies." (SAC generally). The sole allegation in the SAC regarding Arteaga is that they "strongly identified with gender orientation and identity classifications based on the LGBTQ movement." (SAC ¶ 34). Gender expression and identity classifications are protected by the very statutes Plaintiff proceeds under here. See N.Y. Exec. Law § 296(1)(a) (protecting gender identity and gender expression); N.Y.C. Admin. Code 8-102, 8-107(1)(a)(3) (defining "gender" to include gender expression and gender identity and prohibiting discrimination). Indeed, Plaintiff's Opposition belies her very claims of discrimination, and argues that the materiality of the Offending Allegations supports that she was discriminated against not by virtue of her own race, age or gender orientation, but rather because she was someone who did not share ELC Beauty and Arteaga's views – that is, recognizing someone's gender identity and gender expression. (Opp. p. 10). Not sharing an "activist" ideology is not a protected class under the law. Thus, not only should these allegations be struck, they establish the sheer lack of plausibility to Plaintiff's claims.

Plaintiff's remaining arguments in favor of relevance wholly lack merit, as Plaintiff contradicts the SAC and FAC. For the first time, Plaintiff argues she began experiencing discrimination in June 2020 because of the Black Lives Matter movement, while both the FAC and SAC are clear Plaintiff did not suffer any alleged mistreatment until Arteaga was hired in September 2021, more than a year later. (Opp. p. 8; SAC ¶¶ 41, 162). Because the Offending Allegations at Paragraph 28 and Exhibits 1-5 have nothing to do with Plaintiff's claims premised on conduct occurring more than a year later, and include absurd allegations regarding movements and news articles that have no bearing on this case, Defendants' motion to strike must be granted.[2]

---

[2] Plaintiff's reliance on Crosby, and Ambac Assur. Corp. is misplaced and both cases are easily distinguishable. In Crosby, the Court granted in part defendant's motion to strike since the allegations had no bearing on the relevant issues and would only prejudice defendants, and the remaining allegations stood because they were related to the subject of the claim. See Crosby v. Stew Leonard's Yonkers LLC, No. 22-CV-4907 (KMK), 2023 U.S. Dist. LEXIS

## POINT II: PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM[3]

### A.    The Non-Employing ELC Defendants Must Be Dismissed

Plaintiff effectively concedes she was not employed by Estée Lauder, Inc. or Estée Lauder International Inc. and does not plead any facts or claims against these defendants.  (SAC generally).  Instead, Plaintiff purports to assert claims against ELC Beauty and EL Companies as her "employers." Significantly, however, Plaintiff's Opposition purports to rely exclusively upon four paragraphs in the SAC which she argues support the single employer doctrine to impose liability against the Non-Employer ELC Entities.  (Opp. pp. 14-15).  These paragraphs, however, are not contained anywhere in the SAC and accordingly must not be considered. See Concepcion v. City of New York, No. 05-CV-8501(RJS), 2008 U.S. Dist. LEXIS 91554, *29 (S.D.N.Y. May 7, 2008) (facts raised in opposition not considered on a motion to dismiss).

### B.    Arteaga Must Be Dismissed

Neither the Opposition nor the SAC set forth any facts demonstrating that Arteaga was a decision-maker or involved with decisions affecting Plaintiff's employment. (SAC ¶ 41; Opp. p. 13).  Instead, Plaintiff's entire theory is that by virtue of Arteaga's complaints about Plaintiff's discriminatory conduct towards them, including complimenting their appearance, failing to respect pronoun usage, objecting to a dress code policy as "racist", placing a book on Plaintiff's desk, and complaining that Arteaga overheard Plaintiff speaking negatively about them; that Arteaga's complaints constitute discrimination against Plaintiff and culminated in ELC Beauty's decision to terminate her employment. (Opp. p. 17).

---

174166, at *4-5 (S.D.N.Y. Sep. 28, 2023).  In Ambac, the Court refused to strike allegations that had direct bearing on whether defendant breached its representations and warranties. See Ambac Assur. Corp. v. EMC Mortg. Corp., No. 08-CV-9464 (RMB)(MHD), 2009 U.S. Dist. LEXIS 26456, at *7 (S.D.N.Y. Mar. 16, 2009).

[3] Significantly, Plaintiff concedes on Opposition that if the Court strikes Paragraph 28 (formerly 26) of the SAC, that the entire SAC fails to state a claim for relief.  (Opp. p. 9).  Because the Court should strike this paragraph and the SAC fails to state a claim, dismissal is warranted.

Plaintiff fails to comprehend that being accused of discrimination is not discrimination. See Maraschiello v. City of Buffalo Police Dep't, 709 F.3d 87, 97 (2d Cir. 2013) (affirming dismissal and holding "[r]acism" is not a race, and discrimination on the basis of alleged racism is not the same as discrimination on the basis of race"). It is insufficient for Plaintiff to allege Arteaga disliked her, or even that they perceived her as subjecting them to discrimination, if Plaintiff does not allege Arteaga's actions were motivated, at least in part, by her own race, age or gender orientation, which the SAC wholly fails to do. (SAC generally); Torres v. City of NY, No. 18-CV-3644 (LGS), 2019 U.S. Dist. LEXIS 68168, at *7, (S.D.N.Y. Apr. 22, 2019) (granting motion to dismiss when the plaintiff failed to plead the plaintiff's protected characteristic was a motivating factor in any action taken). Accordingly, Arteaga must be dismissed.

C.    **The SAC Does Not State a Discrimination or Hostile Work Environment Claim Under Section 1981, the NYSHRL or NYCHRL**

The SAC fails to cure the pleading defects, and supports dismissal of Plaintiff's claims. For the reasons stated above, Plaintiff's argument she was subjected to discrimination by Arteaga's complaints about Plaintiff's own discriminatory behavior wholly lack merit. (Point II(B) supra). What remains in the SAC is Plaintiff's attempt to allege disparate treatment in regard to ELC Beauty's alleged failure to hold Arteaga to the same standards Plaintiff was held to, and that Jacobs referred to Arteaga by the wrong pronoun and Plaintiff was treated differently. (SAC ¶¶ 82-85, Exs. "16" & "17"; Opp. p. 20). To plead an inference of discriminatory intent by referencing disparate treatment of another employee, Plaintiff must show she was "similarly situated in all material respects" to the individuals with whom she seeks to compare herself. Back v. Bank Hapoalim, B.M., No. 23-CV-02040 (ER), 2024 U.S. Dist. LEXIS 50426, at *22 (S.D.N.Y. Mar. 21, 2024) (granting dismissal when plaintiff failed to allege comparators were similarly situated since there was no evidence they had similar jobs, responsibilities, seniority or were under

the same working conditions as plaintiff, particularly in cases alleging unequal discipline for similar misconduct). Furthermore, Plaintiff's attempt to compare her repeated and egregious "deadnaming" of Arteaga, even now in both her SAC and Opposition papers, with Jacobs referring to Arteaga once as "he" and twenty times as "Arteaga" in their performance evaluation and once as "him" in Plaintiff's final warning is wholly insufficient to state a claim. See Moultrie v. NYS Dep't of Corr. & Cmty. Supervision, No. 13-CV-5138 (NSR), 2015 U.S. Dist. LEXIS 60080, at *6-8 (S.D.N.Y. May 7, 2015) (granting dismissal on the grounds plaintiff failed to allege comparators were similarly situated in all material respects, particularly when the conduct by a comparator was objectively less serious, qualitatively different, and involved unintentional conduct as opposed to the plaintiff's intentional misconduct). This is especially true given that Plaintiff was counseled multiple times for complaining openly about Arteaga to others both in front of Arteaga and within earshot of Arteaga, and Plaintiff stating she "can't understand Noe's personality traits" highlighting both the intentionality and animus behind her actions. (Exs. "16" & "17" to SAC). Because there is not a single fact alleged to support that any actions were taken against Plaintiff, even in part, because of her race, age or gender orientation, Plaintiff's NYSHRL, NYCHRL and Section 1981 discrimination and hostile work environment claims must be dismissed.

### D.  **Plaintiff's Section 1981 Retaliation Claim Fails**

Plaintiff's Opposition argues she engaged in protected activity by "reporting deviant behavior by an employee" and for "seeking guidance about company policy regarding supervising a non-complying employee." (Opp. pp. 23). Plaintiff does not cite to any Paragraphs in her SAC or any authority to support that these activities constituted protected activity under Section 1981, and indeed – they do not. To claim retaliation under Section 1981, Plaintiff must

show she opposed race discrimination.  See Patel v. City of New York, 699 F. App'x 67, 69 (2d Cir. 2017) (holding a retaliation claim under Section 1981 must allege protected activity in opposition to conduct made unlawful by Section 1981).  Nowhere in the SAC does Plaintiff allege she opposed "race-related" discrimination, and her attempt to supplement the SAC by claiming she threatened to file a lawsuit asserting unspecified claims and complained of generic "discrimination," without more, does not constitute protected activity as a matter of law. (SAC ¶ 134); Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 716 F.3d 10, 17 (2d Cir. 2013) (affirming dismissal holding "[a]lthough particular words such as "discrimination" are certainly not required to put an employer on notice of a protected complaint, neither are they sufficient to do so if nothing in the substance of the complaint suggests that the complained-of activity is, in fact, unlawfully discriminatory."); Romano v. A360 Media, LLC, No. 20-CV-08988-(LTS)(OTW), 2023 U.S. Dist. LEXIS 10355, at *32 (S.D.N.Y. Jan. 20, 2023) (granting dismissal and noting threats to file a lawsuit are not protected if they fail to mention discrimination based on a protected status).

On Opposition, Plaintiff conflates her complaint allegations in this action with her internal complaints, and attempts to rely upon the conclusory assertions in the SAC that "but for" Plaintiff's race, gender orientation, and age she would not have been targeted to support that she engaged in protected activity during her employment. (Opp. p. 22). The SAC, however, is silent as to any facts to support that Plaintiff raised such concerns before her separation.  (Opp. p. 22; SAC generally).  Indeed, it is clear Plaintiff cannot support a claim of retaliation under Section 1981 without pleading facts to plausibly allege ELC Beauty had knowledge of Plaintiff's protected activity during her employment to support that such protected activity was the "but for" cause of any adverse action.  See Gittens v. Winthrop Hospitalist Assocs., P.C., No. 19-CV-5070

(LDH)(LB), 2022 U.S. Dist. LEXIS 29795, at *22-26 (E.D.N.Y. Feb. 18, 2022) (dismissing Section 1981 retaliation claim where plaintiff did not allege defendants were aware of protected activity, and noting the failure to satisfy the but-for standard). As such, Plaintiff's Section 1981 retaliation claim fails as a matter of law.

### E.    The SAC Fails to State Tort Claims Against Defendants

Plaintiff fails to oppose and concedes her claims of negligent hiring/retention and NIED are barred by the WCL. See Parker v. Workmen's Circle Ctr. of the Bronx, Inc., No. 14-CV-5327 (LTS), 2015 U.S. Dist. LEXIS 131205, at *20 (S.D.N.Y. Sep. 29, 2015) (granting motion to dismiss when plaintiff failed to oppose defendant's motion claims were barred by the WCL); Morren v. N.Y. Univ., No. 20-CV-10802 (JPO) (OTW), 2022 U.S. Dist. LEXIS 94266, at *61 (S.D.N.Y. Apr. 29, 2022) (dismissing NIED claim as barred by the WCL). Plaintiff further fails to oppose dismissal of her NIED claim altogether, and this cause of action is deemed abandoned. See Black Lives Matter v. Town of Clarkstown, 354 F. Supp. 3d 313, 328 (S.D.N.Y. 2018) (holding failure to oppose dismissal is deemed abandonment of the claim). However, even if the claims were not barred by the WCL, the SAC nevertheless fails to plausibly state a claim.[4]

The SAC does not allege any facts demonstrating conduct so extreme and outrageous to satisfy the requisite pleading standard, nor are there any facts plead that Defendants unreasonably endangered Plaintiff's own safety or caused her to fear for her safety, warranting dismissal of her NIED claim. See Veras v. N.Y.C. Dept. of Educ., No. 22-CV-00056 (JLR)(SN), 2023 U.S. Dist. LEXIS 4593, at *11 (S.D.N.Y. Jan. 10, 2023) (dismissing claim noting "ridicule, slurs, and hostile behavior" fall far short of extreme and outrageous conduct); Alvarado v. Mount Pleasant Cottage Sch. Dist., 404 F. Supp. 3d 763,792 (S.D.N.Y. 2019) (dismissing claim when the

---

[4] Indeed, the SAC fails to supplement Plaintiff's negligent hiring/retention or NIED claims whatsoever, other than to update the paragraph numbers and add the term "certain pronouns" to Paragraph 198. (SAC ¶¶ 184-208).

complaint failed to allege plaintiff's physical safety was endangered or she feared for her safety). Plaintiff's SAC is further devoid of any factual allegations to suggest ELC Beauty knew, or should have known, of Defendants' alleged propensity for the conduct complained of, which is fatal to her negligent hiring/retention claim. (SAC generally); see also Lojewski v. Group Solar USA, LLC, No. 22-CV-10816 (PAE), 2023 U.S. Dist. LEXIS 227806, at *47 (S.D.N.Y. Dec. 21, 2023) (dismissing claim in the absence of facts plausibly alleging the employer knew or should have known of the propensity for misconduct). Plaintiff's argument on Opposition that ELC Beauty hired Arteaga and failed to discipline him in no way states a claim of negligent hiring or supervision, particularly when it was Plaintiff who interviewed Arteaga and supervised them. (SAC ¶¶ 35, 41). Because there are no facts plead to support a claim, let alone conduct outside the scope of employment, Plaintiff's tort claims must be dismissed.  See Dawson v. City of Mount Vernon, No. 18-CV-1044 (JMF), 2023 U.S. Dist. LEXIS 197954, at *5 (S.D.N.Y. Nov. 2, 2023) (granting motion to dismiss negligent hiring claim when plaintiff failed to allege employees were acting outside the scope of their employment).

     **F.**     **Plaintiff's FLSA and NYLL Claims Must Be Dismissed**

     The SAC still fails to plead sufficient facts to support an overtime claim under the FLSA or NYLL. To plead a plausible overtime claim, Plaintiff must allege she: (1) worked in excess of 40 hours a week (2) was non-exempt, and (3) was paid less than one and one-half times the regular rate for all overtime hours. See Maria v. El Mambi Rest. Corp., No. 20-CV-3707 (JPO), 2021 U.S. Dist. LEXIS 107416, at *4 (S.D.N.Y. June 8, 2021).  Plaintiff must provide sufficient detail about the length and frequency of her unpaid work to support an inference she worked more than 40 hours in a week. See Nakahata v. NY-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013).  Allegations a plaintiff "typically, occasionally, or regularly" worked more

than 40 hours is insufficient to state a claim. <u>Mokrov v. Aeroflot Russian Airlines</u>, No. 20-CV-588 (GBD), 2021 U.S. Dist. LEXIS 112066, at * 9 (S.D.N.Y. June 15, 2021).

Plaintiff's assertion in the SAC she worked approximately 1,000 hours of overtime over a period of 3.5 years and is owed $65,000 is insufficient to plead a plausible FLSA or NYLL claim. (SAC ¶¶ 124, 213); <u>Ogleton v. City of NY</u>, No. 21-CV-6889 (PGG) (OTW), 2023 U.S. Dist. LEXIS 57109, at * 15-16 (S.D.N.Y. Mar. 31, 2023) ("A plaintiff has not provided sufficient detail when 'there is no way to identify from the allegations which weeks [Plaintiff] was required to work more than forty hours.'"); <u>see also</u> <u>Mendoza v. Cornell Univ.</u>, No. 20-CV-02110 (MKV), 2021 U.S. Dist. LEXIS 44937, at *8 (S.D.N.Y. Mar. 10, 2021) (dismissing claim lacking specificity about when or how the plaintiff calculated hours worked).  Nowhere in the SAC does Plaintiff allege non-exempt status, a regular or overtime rate, the weeks worked in excess of 40 hours, or the number of hours worked per week, dooming her claims to fail. <u>See</u> <u>Smith v. Town of Patterson</u>, No. 22-CV-313 (NSR), 2023 U.S. Dist. LEXIS 8023, at *7-8 (S.D.N.Y. Jan. 17, 2023) (dismissing claim when plaintiffs failed to allege hours worked, dates, or length of shifts).

## <u>CONCLUSION</u>

For the reasons set forth here, as well as in Defendants' moving papers, Defendants respectfully request the Court grant their motion to strike and dismiss Plaintiff's Second Amended Complaint with prejudice, and grant such other relief as the Court deems just and proper.

Dated: April 16, 2024                                   Respectfully submitted,
      New York, New York

                                             JACKSON LEWIS P.C.

                         By:    <u>*/s/ Tania J. Mistretta*</u>
                               Tania J. Mistretta

                               *Attorneys for Defendants*