```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X
                                           :
THERESA SPIEGEL,                           :
                          Plaintiff,       :
                                           :         23cv11209 (DLC)
               -v-                         :
                                           :         OPINION AND
ESTÉE LAUDER INC., ESTÉE LAUDER            :            ORDER
COMPANIES, INC., ELC BEAUTY LLC, ESTÉE     :
LAUDER INTERNATIONAL INC., LUSINE          :
JACOBS, NOE ARTEAGA, ANGELINA MILLER       :
and JENNE EUGENE,                          :
                          Defendants.      :
                                           :
------------------------------------------ X
```

APPEARANCES:

For plaintiff:
Hugo Gabriel Ortega
Tanner and Ortega LLP
299 Broadway, 17th Floor
New York, NY 10007

For defendants:
Cooper Binsky
Tania Jaynelle Mistretta
Jackson Lewis P.C.
666 Third Avenue
New York, NY 10017

DENISE COTE, District Judge:

   On December 27, 2023, the defendants removed this case from the Supreme Court of the State of New York, County of New York, on the basis of federal question jurisdiction.  On January 22, 2024, the plaintiff moved for remand.  For the following reasons, that motion is denied.

**Background**

On or about November 28, 2023, the plaintiff filed this action in New York Supreme Court. The complaint alleges six causes of action relating to the plaintiff's alleged employment with defendant ELC Beauty LLC and her termination from this employment. Three of these six causes of action invoke federal law. One claim alleges a violation of the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 206, and two plead violations of the federal Equal Rights Act, 42 U.S.C. § 1981.

The plaintiff served the complaint on the defendants on December 7, December 14, and December 15, 2024. On December 26, the parties executed a stipulation whereby the defendants agreed to accept service of the complaint on behalf of all defendants and to waive any defects of service in exchange for an extension of time to answer, move, or otherwise respond to the complaint.

On December 27, the defendants filed a timely Notice of Removal. The plaintiff filed this motion to remand on January 22, 2024. The motion became fully submitted on February 23.

**Discussion**

"An action that was originally filed in state court may be removed by a defendant to federal court only if the case originally could have been filed in federal court." State by Tong v. Exxon Mobil Corp., 83 F.4th 122, 132 (2d Cir. 2023)

(citing 28 U.S.C. § 1441(a)).  "A single claim over which federal jurisdiction exists is sufficient to allow removal." Id. (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 454 U.S. 546 (2005); City of Chicago v. Int'l Coll. Of Surgeons, 522 U.S. 156, 164-66 (1997)).  Removal must be sought within 30 days of the defendant's receipt of the complaint or the service of summons.  28 U.S.C. § 1446(b)(1).

The question of whether a case arises under the laws of the United States is "governed by the well-pleaded complaint rule." Exxon Mobil, 83 F.4th at 132 (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).  Under that rule, federal-question jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Id.  "The principal effect of the well-pleaded complaint rule is to make the plaintiff the master of the claim," meaning that, subject to certain exceptions, plaintiffs "may avoid federal jurisdiction by exclusive reliance on state law."  Id.

Removal was proper because there is federal question jurisdiction over the plaintiff's federal law claims.  The plaintiff has asserted three causes of action that arise under federal law.

The plaintiff argues that removal is improper because the plaintiff's claims consist primarily and substantially of New York State law tort claims. This argument fails. There is no requirement that the federal law claims predominate over the state law claims in order for removal to be proper. Exxon Mobil, 83 F.4th at 132.

The plaintiff also argues for remand on the ground that the New York Labor Law permits a higher award of liquidated damages than does the Federal Labor Standards Act. This argument also fails. Pursuant to the Erie doctrine, a federal court applies state law to state law claims. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (federal courts applying supplemental jurisdiction over state-law claims must apply the substantive law of the state). This includes awarding liquidated damages under the New York Labor Law if they are warranted. See Tapia v. Blch 3rd Ave LLC, 906 F.3d 58 (2d Cir. 2018) (affirming district court's award of liquidated damages under the NYLL but not cumulative damages under both the NYLL and FLSA).[1]

---

[1] Apparently recognizing this principle, the plaintiff has abandoned the argument in her reply.

## Conclusion

The plaintiff's January 22, 2024 motion to remand is denied.

Dated:  New York, New York
        April 17, 2024

                                    _____
                                         DENISE COTE
                                    United States District Judge